

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-450-CR

DEREK SANFORD PHELPS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Derek Sanford Phelps appeals his conviction for indecency with a child by exposure.  In his sole point, he argues that he was deprived of a fair and impartial tribunal at the punishment hearing because the trial judge failed to consider the full range of punishment by improperly holding appellant's failure to testify during the punishment phase against him and then assessing punishment near the top of the punishment range.  We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

**Background Facts**

On August 31, 2006, a jury convicted appellant of the offense of indecency with a child by exposure. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003). Although appellant testified during the guilt/innocence phase of the trial, he did not testify at the punishment hearing. On December 8, 2006, the trial court assessed punishment at eight years' confinement.

**Standard of Review**

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

**Analysis**

After sentencing appellant, the trial judge stated the following:

[The Court]: Any legal reason why I shouldn't sentence him at this time?

[Mr. Rannefield]: No, Your Honor.

[The Court]: I'll sentence you to eight years in this case and I'll direct you to the sheriff of this county to deliver you to the Director for you to serve out your time. I'll give you credit for time served.

The interesting thing about this case is that there were actually two cases, two little girls were involved in this, which is very serious. And based upon your view, you have denied it all along. You still even to the presentence investigator you have denied that that even happened. So basically what you're saying is that the little girls were lying and that you were here basically to take care of the mother and those children.

And putting you on probation and requiring you to go through all of the various sex offender treatment programs, it just would not have worked. The first thing a person has to do is admit that he did, in fact, commit these offenses and then it's opened up for you to address the situation, follow the rules, and try to turn your life around. You go in denying it, it never works.

I mean, they can't even assess you properly when you go in denying because you have to take these various tests. So you would not have been a good candidate for a probation. These cases themselves are so serious, I just don't

3

> think that a probation would have been in order in this particular case.
>
> All right. That's going to be [the] order of the Court.

[Mr. Poe]:      Thank you, Your Honor.

Here, appellant did not object to the sentence at trial; therefore, any error is waived. TEX. R. APP. P. 33.1(a)(1); *Mosley*, 983 S.W.2d at 265; *Thompson v. State,* 243 S.W.3d 774, 775-76 (Tex. App.—Fort Worth 2007, pet. filed).

Appellant, however, relies on *Blue v. State,* in which the court of criminal appeals held that the lack of an objection will not waive a similar error. 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (plurality op.); *see* TEX. R. EVID. 103(d). In *Blue,* a majority of the court of criminal appeals–in a plurality and in concurring opinions–upheld the general rule that error in a trial court's comments to a jury is waived absent a timely objection. *Blue,* 41 S.W.3d at 133 ("This case is highly unique and litigants should not view this holding as an invitation to appeal without making proper, timely objections."), 134 (Mansfield, J. concurring) (same), 139 (Keasler, J. concurring) (same); *see also Davenport v. State*, No. 02-05-00170-CR, 2006 WL 1653320, at *3 (Tex. App.—Fort Worth Jun. 15, 2006, pet. ref'd) (mem. op., not designated for publication). The plurality opinion in *Blue* went on to hold, however, that in that particular case the trial court's comments explaining to the jury that the

defendant attempted to enter into a plea bargain with the State and that the trial court would have preferred a guilty plea "vitiated the presumption of innocence" before the venire and constituted fundamental error. *Blue,* 41 S.W.3d at 133; *see also Davenport,* 2006 WL 1653320, at *3. Such fundamental error did not require preservation by objection.[2] *Blue,* 41 S.W.3d at 133; *see also Davenport,* 2006 WL 1653320, at *3.

In this case, unlike in *Blue,* the trial court's comments did not taint appellant's presumption of innocence in front of a jury. In fact, the trial court's comments were made during the punishment stage *after* the jury had found him guilty and *after* the *trial court* had assessed punishment; the jury had already been dismissed. *Cf. Blue,* 41 S.W.3d at 133. Because appellant did not object to his sentence and because the alleged error was not fundamental, appellant failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1(a)(1); *Davenport,* 2006 WL 1653320, at *3. Furthermore, the trial court's comments show that it was considering statements made by appellant to the presentence investigation officer, not appellant's failure to testify at punishment; those statements related to whether appellant could be rehabilitated or whether he

---

[2] Because there is no majority opinion in *Blue*, it is not binding precedent. *See Pearson v. State,* 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).

was a good candidate for probation, which appellant had specifically requested. Thus, the trial court's comments did not bear on appellant's failure to testify at the punishment hearing or show that appellant was denied an impartial tribunal. *See Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Therefore, we overrule appellant's sole point.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL B:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: April 24, 2008

6