**Jonathan Paul THOMPSON, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–06–440–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 15, 2007.

Rehearing Overruled Dec. 13, 2007.

---

**1.** *See* *http://lib.law.washington.edu/ref/themis.* *html.*

charged from the Sex Offender Treatment Program. On December 1, 2006, the trial court adjudicated appellant guilty and sentenced him to twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. On December 15, 2006, appellant filed a motion for new trial.

## Discussion

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R.App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App.2004).

■ An appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court. Tex.R.App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App.1986); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.-Amarillo 1996, pet. ref'd) (stating that error was not preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed and failed to file a motion for new trial); *Davis v. State*, No. 02–04–00132–CR, 2005 WL 627104, at *1 (Tex.App.Fort Worth, Mar.17, 2005, pet. ref'd) (mem.op.) (not designated for publication). There is nothing in the appellate record indicating that

Robert G. Estrada, Wichita Falls, TX, for Appellant.

Barry L. Macha, Criminal District Atty., John W. Brasher, Assistant Criminal District Atty., Wichita Falls, TX, for State.

Panel B: LIVINGSTON, WALKER, and McCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

Appellant Jonathan Paul Thompson appeals the sentence imposed after the trial court adjudicated him guilty of violating conditions of his deferred adjudication community supervision. In five points, appellant challenges the length of his sentence on due process and other grounds. We affirm.

### Background Facts

On May 10, 2002, appellant pled guilty to the offense of injury to a child and received deferred adjudication community supervision for ten years. On April 26, 2006, the State filed a Motion to Proceed with Adjudication, alleging appellant had failed to complete the required hours of community service work, failed to pay supervision and counseling fees, failed to attend twenty-two sex offender counseling sessions, and was unsuccessfully dis-

appellant objected to the sentence.[1] However, he timely filed a motion for new trial challenging the judgment and sentence as contrary to the law and the evidence.

■ According to the rules of appellate procedure,

The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

Tex.R.App. P. 21.6.

In *Carranza v. State*, the court of criminal appeals defined "present" within the meaning of the appellate rule. *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex.Crim. App.1998) (holding that appellant had burden not only to file motion for new trial, but also to "present" it to the trial court); *see also Amaro v. State*, 970 S.W.2d 172, 174 (Tex.App.-Fort Worth 1998, no pet.)[2] The court held that "present" means that the "record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Carranza*, 960 S.W.2d at 78–79; *Amaro*, 970 S.W.2d at 174.

■ Here, the record establishes that appellant, through his attorney, timely filed a motion for new trial, but there is no evidence that he delivered the motion or otherwise brought it to the trial court's

attention or gave the trial court actual notice of the filing. Filing a motion for new trial alone is not sufficient to show presentment.[3] *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993); *Cozzi v. State*, 160 S.W.3d 638, 640–41 (Tex.App.-Fort Worth 2005, pet. denied). Therefore, appellant did not *present* his motion within the meaning of rule 21.6. Accordingly, appellant forfeited his complaints for review because he did not preserve error by either objecting at trial when the sentence was imposed or by presenting his motion for new trial to the trial court.

## Conclusion

Having determined appellant's five points are forfeited, we affirm the trial court's judgment.

---

1. During the sentencing phase, the trial court asked appellant if there "is any legal reason that I should not impose sentence at this time?" and appellant's counsel stated: "No, Your Honor."

2. Although *Carranza* interpreted former rule 31(c)(1), the current version of rule 21.6 is identical. *See* Tex.R.App. P. 21.6; *Carranza*, 960 S.W.2d at 79.

3. Presentment may be accomplished in several ways, such as securing the trial court's ruling on a motion for new trial, obtaining a judge's signature or notation on a proposed order, or setting a hearing date on the docket. *See Carranza*, 960 S.W.2d at 79.