COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-107-CR

 

 

CURTIS WRIGHT, JR.                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

OPINION

                                              ------------

I.  Introduction

Appellant Curtis Wright, Jr.
appeals the fifteen-year sentence imposed after the trial court adjudicated him
guilty of violating conditions of his deferred adjudication community
supervision.  In his sole point, Wright
argues that the trial court abused its discretion by imposing a fifteen-year
sentence because the evidence was insufficient to show that he violated a term
or condition of his community supervision. 
We will affirm.








II.  Procedural Background

On August 10, 2004, the grand
jury indicted Wright for the offense of sexual assault of a child under
seventeen years of age.  On October 28,
2005, Wright entered a guilty plea, and the trial court placed him on deferred
adjudication for six years.  On that same
date, the trial court and Wright signed the ASupplement/Amendment To Conditions Of Community Supervision,@ which included a condition that Wright attend, participate fully in,
and successfully complete a sex offender treatment program within three years
of initiating treatment.  

On December 7, 2006, the State filed its petition to proceed to
adjudication.  The State alleged that
Wright had violated the sex offender treatment condition because he had been
unsuccessfully discharged from two sex offender treatment programs. 

 

On March 23, 2007, the trial
court held a hearing on the State=s motion to proceed to adjudication. 
The trial court found that Wright had been unsuccessfully discharged
from sex offender treatment, found Wright guilty of the offense of sexual
assault of a child under seventeen years of age, entered a judgment adjudicating
guilt, and sentenced Wright to fifteen years= imprisonment.  The trial court
certified that the case was a deferred adjudication case and that Wright had a
limited right of appeal.  








Wright, thereafter, filed his
notice of appeal and his motion for new trial. 
The trial court held a hearing on Wright=s motion for new trial.  At the
hearing, Wright=s counsel
argued that the State=s motion to
proceed to adjudication had been filed prematurely.  Wright=s counsel argued that, under the conditions of his community
supervision, Wright had three years to complete the sex offender treatment
program, which would have given him until 2009 to comply with the condition,
three years from the initiation of the treatment on February 17, 2006 with
Michael Strain, Wright=s initial sex
offender treatment provider.  At the
conclusion of the hearing, the trial court denied Wright=s motion for new trial.  This
appeal followed.

III.  Challenging Decision to Adjudicate Via
Challenge to Punishment

In his sole point, Wright
argues that the trial court abused its discretion by imposing a fifteen-year
sentence because the evidence was insufficient to show that he had violated a
term or condition of his community supervision. 
Wright concedes that his argument is a back-door attempt to challenge
the trial court=s decision
to adjudicate his guilt; Wright argues that the only basis for adjudication
alleged by the State was premature.








Wright concedes that the old
version of Texas Code of Criminal Procedure article 42.12, section 5(b) applies
to his appeal, and that version prohibits an appellant from challenging on
appeal the trial court=s decision
to adjudicate guilt.  See Act of
May 28, 1995, 74th Leg., R.S., ch. 318, ' 53, 1995 Tex. Gen. Laws 2750, amended by Act of May 28,
2007, 80th Leg., R.S., ch. 1308, ' 5, 2007 Tex. Gen. Laws 4395, 4397 (current version at Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).[1]  Wright nonetheless attempts to do exactly
thatCchallenge the trial court=s adjudication of his guiltCby intertwining that complaint with a challenge to the punishment he
was assessed.








While the record is clear
that Wright had three years to comply with the condition of community
supervision that required him to submit to sex offender treatment and that the
three years had not expired at the time that the State proceeded to
adjudication on the underlying offense, the former version of article 42.12,
section 5(b) provides no statutory vehicle that would allow Wright to challenge
what he claims to be a due process violation. 
See id.  And because the
Legislature did not make its changes to article 42.12, section 5(b)
retroactive, we are constrained by former article 42.12, section 5(b) to hold
that Wright cannot challenge in this appeal the trial court=s determination to proceed to an adjudication of guilt.  See id.








To the extent that Wright is
challenging the term of punishment imposed by the trial court, that issue is
not properly before us because Wright did not object or otherwise raise the
alleged error in the trial court.[2]  See Tex.
R. App. P. 33.1(a)(1); Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986); see also Rodriguez v. State, 917 S.W.2d 90, 92
(Tex. App.CAmarillo
1996, pet. ref=d) (stating
that error was not preserved for review because appellant failed to raise the
severity of his sentence when punishment was assessed and failed to file a
motion for new trial); Thompson v. State, No. 02-06-00440-CR, 2007 WL
3408659, at *2 (Tex. App.CFort Worth
Nov. 15, 2007, pet. filed) (holding that appellant forfeited his complaint
regarding his post-adjudication sentence because he did not object at trial or
present his motion for new trial); Davis v. State, No. 02-04-00132-CR,
2005 WL 627104, at *1 (Tex. App.CFort Worth Mar. 17, 2005, pet. ref=d) (mem. op.) (not designated for publication) (holding that appellant
forfeited his complaint regarding his sentence because he did not object at
trial).  Therefore, we must overrule
Wright=s sole point.

IV.  Conclusion

Having overruled Wright=s sole point, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL B:   DAUPHINOT, HOLMAN, and
WALKER, JJ.

DAUPHINOT, J. filed a concurring opinion.

PUBLISH

 

DELIVERED:
January 17, 2008

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-107-CR

 

 

CURTIS WRIGHT, JR.                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                  CONCURRING
OPINION

                                                    

                                              ------------








I write separately only to
point out the fundamentally unfair effect of former article 42.12, section 5(b)
that, in my opinion, amounts to a denial of due process.[3]  The statute provides no limits on the trial
court=s authority to adjudicate a person who has been placed on deferred
adjudication community supervision.[4]  The State is required to offer no proof, and
there is no requirement that a person violate a condition of community
supervision before the trial court revokes community supervision and
adjudicates guilt.[5]  Although a defendant is entitled to a
hearing, the hearing is limited to a determination by the court of whether to
proceed to adjudication.[6]  There is no requirement that the hearing
include evidence of a violation of a condition of community supervision, and
there is no possibility of appealing the trial court=s determination.[7]  A statute such as former article 42.12,
section 5(b) permits the very type of open-ended, unfettered discretion
condemned by the United States Supreme Court in Furman v. Georgia.[8]








In the case now before this
court, it is clear that the trial court revoked Appellant=s community supervision and adjudicated his guilt even though the
State did not prove the violation alleged in the petition to adjudicate.  This court recognizes the absence of grounds
to support revocation and adjudication, yet we are forced to sit idly by and
tacitly approve the clear denial of due process allowed by the former statute.

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: January 17, 2008

 











[1]Effective
June 15, 2007, the legislature amended article 42.12, section 5(b) of the code
of criminal procedure to omit the provision that no appeal may be taken from a
trial court=s
determination adjudicating guilt and to provide that an appellate court can
review a trial court=s
revocation of deferred adjudication in the same manner as a revocation hearing
in which the trial court had not deferred an adjudication of guilt.  See Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, ' 5,
2007 Tex. Gen. Laws 4395, 4397.





[2]Wright
field a AMotion
To Determine If Defendant Wishes To Withdraw His Plea Of Guilty@ on
December 5, 2005.  This motion complains
that Wright was incorrectly admonished regarding the range of punishment
because the AWritten
Plea Admonishments & Waivers@ incorrectly states the
punishment as a first-degree felony.  The
record does not reflect any ruling by the trial court on this motion, and
Wright did not appeal the trial court=s order placing him on
deferred adjudication community supervision. 
See Manuel v. State, 994 S.W.2d 658, 661B62
(Tex. Crim. App. 1999) (holding that complaint from original plea is required
to be raised in appeal from trial court=s order placing appellant on
deferred adjudication community supervision); Davila v. State, No.
02-04-00471-CR, 2005 WL 1120015, at *1 (Tex. App.CFort
Worth May 12, 2005, pet. ref=d) (mem. op.) (not designated
for publication) (same).





[3]As
the majority points out, this section was amended effective June 15, 2007.  All citations to the statute in this
concurring opinion will be to the former statute.





[4]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon 2006) (former version).





[5]See
id.





[6]Id.





[7]See
id.





[8]408
U.S. 238, 92 S. Ct. 2726 (1972).