COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-146-CR

 

 

DAMIAN RASHAD JUSTICE                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Damian Rashad
Justice appeals his sentence for aggravated robbery with a deadly weapon.  We affirm.








At a sentencing hearing
following appellant=s open plea
of guilty, appellant admitted that during a drug deal he put a pellet gun in
the face of a Mr. Thomas Bell and that he subsequently committed a string of
three vehicle burglaries in Euless, Texas.

In a single point on appeal,
appellant contends that the trial court abused its discretion in sentencing him
to six years= confinement
instead of placing him on community supervision.

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.[2]  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.[3]  An objection to a sentence is waived if it is
not presented to the trial court.[4]  Likewise, an objection to the term of
punishment imposed by a trial court is waived if it is not objected to or
otherwise raised at the trial court level.[5]








Here, after the trial court
declared its sentence, the judge asked appellant=s counsel if there was any legal reason the sentence should not be
pronounced, to which counsel replied, AThere=s not,
Judge.@  Further, following sentencing,
appellant did not file any motion or other objection regarding his
sentence.   Under these circumstances,
appellant has waived any error associated with his sentencing.[6]  Therefore, we overrule appellant=s sole point.[7]


Having overruled appellant=s only point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 22, 2009











[1]See Tex.
R. App. P. 47.4.





[2]Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070, 119 S. Ct. 1466 (1999).





[3]Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim.
App. 2004).





[4]See
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). 





[5]See
Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Thompson
v. State, 243 S.W.3d 774, 775 (Tex. App.CFort Worth 2007, pet. ref=d).





[6]See
Mercado, 718 S.W.2d at 296.





[7]Even
if appellant had preserved error, when the punishment assessed is within the
range prescribed by statute, as it is here, it is generally not subject to
challenge for excessiveness. See Darden v. State, 430 S.W.2d 494, 496
(Tex. Crim. App. 1968); Dale v. State, 170 S.W.3d 797, 799 (Tex. App.CFort
Worth 2005, no pet.).