NUMBER 13-08-00250-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESUS ISIDRO ESPINOZA, Appellant,


v.



THE STATE OF TEXAS Appellee.

 


On appeal from the 194th District Court of Dallas County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 

 Appellant, Jesus Isidro Espinoza, entered an open plea of guilty to the charge of
aggravated robbery, a first-degree felony. See Tex. Penal Code Ann. § 29.03 (Vernon
2003). After hearing evidence, the trial court sentenced Espinoza to twelve years'
imprisonment and assessed court costs. By a single issue, Espinoza argues that the trial
court improperly based his punishment on the desires of the complainant and that the
punishment was not in compliance with the objectives of punishment set out in the Texas
Penal Code. See id. § 1.02(1), (3) (Vernon 2003). (1) We affirm. (2)

 The State argues that Espinoza failed to preserve his argument for appeal by failing
to object in the trial court at the time the sentence was imposed and by failing to raise the
issue in a motion for new trial. See Tex. R. App. P. 33.1(a)(1)(A) ("As a prerequisite to
presenting a complaint for appellate review, the record must show that: . . . the complaint
was made to the trial court by a timely request, objection, or motion that . . . stated the
grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific grounds were
apparent from the context . . . ."). Espinoza concedes that he did not object to the
sentence but argues that (1) his complaint was apparent from his request to be placed on
probation and receive drug treatment, and (2) that an objection would have served no
useful purpose because punishment was the only issue before the trial court. 

 First, we disagree that an objection was not required because punishment was the
only issue before the trial court. "An appellant may not assert error pertaining to his
sentence or punishment when he failed to object or otherwise raise the error in the trial
court." Thompson v. State, 243 S.W.3d 774, 775 (Tex. App.-Fort Worth 2007, pet. ref'd)
(citing Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986)). This is true even
if punishment is the only issue before the trial court. See id.

 Moreover, the complaint Espinoza now raises on appeal was not apparent from his
request for drug treatment and probation. After the trial court heard evidence on
punishment, Espinoza's counsel made the following argument:

 Your Honor, the easiest thing you can do in the world, say you know
what, there is nothing we can do anything for him [sic]. Although he is only
twenty years old, he is a young man here, who never had a father figure if
[sic] his life. Who has had issues in school, who is not the brightest person
in the world. And I mean that with the utmost respect, not in a disrespectful
way to my client. But he is not a smart man. He has made dump [sic]
choices for whatever influence there might have been in his life, whether it
be drugs or a girlfriend. And I am sure both of them can make sane people
do stupid things. And he has done some dumb things.


 I think the most telling part about his truthfulness is when he got his
butt kicked in the jail, he realized he wasn't a bad ass. He wasn't who he
thinks he was in his arm [sic]. Who he is thought he was [sic] when he was
out there terrorizing poor Mr. Valdaris. And I think at that moment in time, he
realize [sic] what it is like to be a victim. What he realized what [sic] it's like
to be a victim. What he realized what [sic] it's like to be maybe the small dog
in [sic] the block, the one that is picked on. And maybe that's what this man
needed to see the light in his life. To learn, to empathize, to learn to see
what it is.


 And yet the easy thing for the State to bring up is, Judge he has had
his chances, he has had his abilities. But has he really? Has he had the
opportunity to really see what life is really like on the inside, and I think he
has that now in the 14 months that he has been here in custody. Perhaps
the chance to get some real drug treatment is out there, whether it be
through some sort of strict probation that the Court can put him on or
whether it might be trying to get some sort of treatment under shock
probation or something. But there are options that this Court has, I think,
other than turning around and saying ten years, 15 years, 20 years and
making an easy decision.


 I know it is not an easy decision for the Court, I know the Court is
going to consider every option. I want to try to let the Court understand that
perhaps the man we have here today is not the man who terrorized his victim
who testified earlier. I think getting his ass kicked in the jail has probably
done more for him changing than anything else in seeing things the right
way. In seeing things the way the victim would be [sic]. And that has had
the ability to grow him up.


 . . . .


 I am asking the Court not to throw him away. To come up with a
creative way that can save him and ensure the safety of the citizens of this
county as well, Your Honor. Thank you. 

 On appeal, Espinoza makes a very specific complaint; he argues that the trial
court's punishment appears to be based solely on the desires of the complainant to punish
him with imprisonment and not on the objectives of punishment set out in the penal code. 
We cannot conclude that his argument in the trial court, before the imposition of the
sentence, requesting treatment and probation was sufficient to make the trial court aware
of the complaint he now makes on appeal. See Jackson v. State, 989 S.W.2d 842, 844-45
(Tex. App.-Texarkana 1999, no pet.); see also Rivas v. State, No. 13-03-00209-CR, 2004
WL 5050459, at *2 (Tex. App.-Corpus Christi Aug. 5, 2004, no pet.) (mem. op.; not
designated for publication) ("However, a request for probation and treatment does not
constitute a sufficient objection to preserve an issue of disproportionate sentencing."). 
Accordingly, we overrule Espinoza's sole issue and affirm the trial court's judgment. (3) 



 

 GINA M. BENAVIDES,

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 27th day of August, 2009.

1. Section 1.02 provides:


 The general purposes of this code are to establish a system of prohibitions, penalties, and
correctional measures to deal with conduct that unjustifiably and inexcusably causes or
threatens harm to those individual or public interests for which state protection is appropriate. 
To this end, the provisions of this code are intended, and shall be construed, to achieve the
following objectives:

 

 (1) to insure the public safety through: 

 

 

 (A) the deterrent influence of the penalties hereinafter provided; 

 

 

 (B) the rehabilitation of those convicted of violations of this code; and 

 

 

 (C) such punishment as may be necessary to prevent likely recurrence of
criminal behavior . . . 

 . . . .

 

 (3) to prescribe penalties that are proportionate to the seriousness of offenses and that
permit recognition of differences in rehabilitation possibilities among individual
offenders; . . . .


Tex. Penal Code Ann. § 1.02 (1), (3) (Vernon 2003).
2. As this is a memorandum opinion and the parties are familiar with the facts, we will only recite them
herein as necessary to explain our holding. See Tex. R. App. P. 47.4.
3. We note that in Hernandez v. State, we held that a defendant has an absolute right to an impartial
judge during sentencing, and that "a defendant may complain for the first time on appeal about a trial court's
refusal (i.e., lack of impartiality) to consider the full range of punishment--so long as the trial judge's conduct
is so egregious as to deem the judge biased on the matter of punishment." 268 S.W.2d 176, 178 (Tex. App.
-Corpus Christi 2008, no pet.). Espinoza does not argue that the court's conduct was so egregious as to
deem the judge biased. In any event, the record does not demonstrate that the trial court's conduct was
egregious and amounted to bias. See, e.g., id. (holding that record demonstrated egregious conduct and bias
where trial court assessed punishment by summarily doubling a prior sentence). Immediately before
assessing punishment, the trial court stated:


 The Court, having listened to all the testimony in this case, I feel that you are at least today
remorseful or regretful of the offense that you committed. That being the case, I also take
into consideration the victim and what he went through and what he suffered as a result of
the offense that you committed. Therefore, I find you guilty of the offense of aggravated
robbery as alleged in the indictment. I agree with the State to a certain extent that because
of the facts of this case that you should be given a lengthier penitentiary sentence,
additionally given the fact that you have been through the system on numerous occasions;
however, the Court is going to take some sympathy with respect to your age. I think that at
the time you committed this offense you were a bad ass. I don't know maybe you committed
this offense because you are still considering yourself a bad ass today. . . . However, I
sentence you to 12 years confinement in the Institutional Division of the Texas Department
of Criminal Justice, and I will make an affirmative finding of a deadly weapon, that being a
firearm, was used.


The trial court's statements indicate that he considered all the evidence and that he was not biased. See Tex.
Penal Code Ann. § 1.02(1), (3); Jaenike v. State, 109 S.W.3d 793, 796-97 (Tex. App.-Houston [1st Dist.]
2003, pet. ref'd). Thus, Hernandez does not excuse Espinoza's failure to object.