

**NUMBER 13-08-00250-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JESUS ISIDRO ESPINOZA,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS**                                            **Appellee.**

---

**On appeal from the 194th District Court of Dallas County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Jesus Isidro Espinoza, entered an open plea of guilty to the charge of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003). After hearing evidence, the trial court sentenced Espinoza to twelve years' imprisonment and assessed court costs. By a single issue, Espinoza argues that the trial

court improperly based his punishment on the desires of the complainant and that the punishment was not in compliance with the objectives of punishment set out in the Texas Penal Code. *See id.* § 1.02(1), (3) (Vernon 2003).[1] We affirm.[2]

The State argues that Espinoza failed to preserve his argument for appeal by failing to object in the trial court at the time the sentence was imposed and by failing to raise the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were

---

[1] Section 1.02 provides:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1)      to insure the public safety through:

      (A)      the deterrent influence of the penalties hereinafter provided;

      (B)      the rehabilitation of those convicted of violations of this code; and

      (C)      such punishment as may be necessary to prevent likely recurrence of criminal behavior . . .
. . . .

(3)      to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders; . . . .

TEX. PENAL CODE ANN. § 1.02 (1), (3) (Vernon 2003).

[2] As this is a memorandum opinion and the parties are familiar with the facts, we will only recite them herein as necessary to explain our holding. *See* TEX. R. APP. P. 47.4.

2

apparent from the context . . . .").  Espinoza concedes that he did not object to the sentence but argues that (1) his complaint was apparent from his request to be placed on probation and receive drug treatment, and (2) that an objection would have served no useful purpose because punishment was the only issue before the trial court.

First, we disagree that an objection was not required because punishment was the only issue before the trial court.  "An appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court." *Thompson v. State*, 243 S.W.3d 774, 775 (Tex. App.–Fort Worth 2007, pet. ref'd) (citing *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986)).  This is true even if punishment is the only issue before the trial court.  *See id.*

Moreover, the complaint Espinoza now raises on appeal was not apparent from his request for drug treatment and probation.  After the trial court heard evidence on punishment, Espinoza's counsel made the following argument:

> Your Honor, the easiest thing you can do in the world, say you know what, there is nothing we can do anything for him [sic].  Although he is only twenty years old, he is a young man here, who never had a father figure if [sic] his life.  Who has had issues in school, who is not the brightest person in the world.  And I mean that with the utmost respect, not in a disrespectful way to my client.  But he is not a smart man.  He has made dump [sic] choices for whatever influence there might have been in his life, whether it be drugs or a girlfriend.  And I am sure both of them can make sane people do stupid things.  And he has done some dumb things.
>
> I think the most telling part about his truthfulness is when he got his butt kicked in the jail, he realized he wasn't a bad ass.  He wasn't who he thinks he was in his arm [sic].  Who he is thought he was [sic] when he was out there terrorizing poor Mr. Valdaris.  And I think at that moment in time, he realize [sic] what it is like to be a victim.  What he realized what [sic] it's like to be a victim.  What he realized what [sic] it's like to be maybe the small dog in [sic] the block, the one that is picked on.  And maybe that's what this man needed to see the light in his life.  To learn, to empathize, to learn to see what it is.

And yet the easy thing for the State to bring up is, Judge he has had his chances, he has had his abilities. But has he really? Has he had the opportunity to really see what life is really like on the inside, and I think he has that now in the 14 months that he has been here in custody. Perhaps the chance to get some real drug treatment is out there, whether it be through some sort of strict probation that the Court can put him on or whether it might be trying to get some sort of treatment under shock probation or something. But there are options that this Court has, I think, other than turning around and saying ten years, 15 years, 20 years and making an easy decision.

I know it is not an easy decision for the Court, I know the Court is going to consider every option. I want to try to let the Court understand that perhaps the man we have here today is not the man who terrorized his victim who testified earlier. I think getting his ass kicked in the jail has probably done more for him changing than anything else in seeing things the right way. In seeing things the way the victim would be [sic]. And that has had the ability to grow him up.

. . . .

I am asking the Court not to throw him away. To come up with a creative way that can save him and ensure the safety of the citizens of this county as well, Your Honor. Thank you.

On appeal, Espinoza makes a very specific complaint; he argues that the trial court's punishment appears to be based solely on the desires of the complainant to punish him with imprisonment and not on the objectives of punishment set out in the penal code. We cannot conclude that his argument in the trial court, before the imposition of the sentence, requesting treatment and probation was sufficient to make the trial court aware of the complaint he now makes on appeal. *See Jackson v. State*, 989 S.W.2d 842, 844-45 (Tex. App.–Texarkana 1999, no pet.); *see also Rivas v. State*, No. 13-03-00209-CR, 2004 WL 5050459, at *2 (Tex. App.–Corpus Christi Aug. 5, 2004, no pet.) (mem. op.; not designated for publication) ("However, a request for probation and treatment does not constitute a sufficient objection to preserve an issue of disproportionate sentencing.").

4

Accordingly, we overrule Espinoza's sole issue and affirm the trial court's judgment.[3]

_____

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 27th day of August, 2009.

_____

[3] We note that in *Hernandez v. State*, we held that a defendant has an absolute right to an impartial judge during sentencing, and that "a defendant may complain for the first time on appeal about a trial court's refusal (i.e., lack of impartiality) to consider the full range of punishment—so long as the trial judge's conduct is so egregious as to deem the judge biased on the matter of punishment." 268 S.W.2d 176, 178 (Tex. App. –Corpus Christi 2008, no pet.). Espinoza does not argue that the court's conduct was so egregious as to deem the judge biased. In any event, the record does not demonstrate that the trial court's conduct was egregious and amounted to bias. *See, e.g., id.* (holding that record demonstrated egregious conduct and bias where trial court assessed punishment by summarily doubling a prior sentence). Immediately before assessing punishment, the trial court stated:

> The Court, having listened to all the testimony in this case, I feel that you are at least today remorseful or regretful of the offense that you committed. That being the case, I also take into consideration the victim and what he went through and what he suffered as a result of the offense that you committed. Therefore, I find you guilty of the offense of aggravated robbery as alleged in the indictment. I agree with the State to a certain extent that because of the facts of this case that you should be given a lengthier penitentiary sentence, additionally given the fact that you have been through the system on numerous occasions; however, the Court is going to take some sympathy with respect to your age. I think that at the time you committed this offense you were a bad ass. I don't know maybe you committed this offense because you are still considering yourself a bad ass today. . . . However, I sentence you to 12 years confinement in the Institutional Division of the Texas Department of Criminal Justice, and I will make an affirmative finding of a deadly weapon, that being a firearm, was used.

The trial court's statements indicate that he considered all the evidence and that he was not biased. *See* TEX. PENAL CODE ANN. § 1.02(1), (3); *Jaenike v. State*, 109 S.W.3d 793, 796-97 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). Thus, *Hernandez* does not excuse Espinoza's failure to object.