

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00323-CR

EVANGEL MILDRED BRASEL                                              APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In one issue, Appellant Evangel Mildred Brasel asserts that, under the circumstances of this case, the trial court abused its discretion by assessing a sentence of eight years' confinement. The State responds that Brasel failed to preserve her issue for review, that the trial court properly exercised its discretion in sentencing, and that Brasel's issue is inadequately briefed. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural History

Pursuant to a plea bargain, Brasel pleaded guilty to burglary of a habitation.  The trial court placed Brasel on deferred adjudication community supervision for five years and assessed a $750 fine.  Brasel did not comply with the terms of her community supervision, and the State moved to adjudicate.  The trial court accepted Brasel's plea of "true" to the community-supervision violations, found Brasel guilty as charged in the indictment, and assessed punishment of eight years' confinement and a $750 fine.  This appeal followed.

## III.  Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  An objection must be made as soon as the basis for the objection becomes apparent.  Tex. R. Evid. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  The preservation requirement extends to sentencing following revocation.  *Wright v.*

2

*State*, 249 S.W.3d 581, 584 (Tex. App.—Fort Worth 2008, no pet.); *Thompson v. State*, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth 2007, pet. ref'd).

## IV.  Analysis

An analysis of the record reveals that when the trial court imposed Brasel's sentence, no objection was made by or on behalf of Brasel.  And in Brasel's motion for new trial, Brasel asserted only that she "should be granted a new trial in these cases because the verdict is contrary to the law and the evidence." Texas Rule of Appellate Procedure 33.1(a)(1)(A) requires that a complaint made to the trial court be made "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A).  We hold that the assertion in Brasel's motion for new trial is well wide of the mark of informing the trial court that there is a complaint that the sentence is excessive[2] and that nothing is preserved for our review.  Therefore, we overrule Brasel's sole issue.

---

[2]In *Thompson*, this court was presented with similar facts:  a revocation of community supervision, a failure to object to sentencing, and the same or similar language in the motion for new trial.  243 S.W.3d at 775–76.  However, we decided *Thompson* on the issue of presentment of the motion for new trial and not the adequacy of the motion's wording.  *Id.* at 776.

## V.  Conclusion

Having overruled Brasel's sole issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 24, 2010