02-09-323-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00323-CR 

 

 


 
 
 Evangel Mildred Brasel
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
90th District Court OF Young
COUNTY

------------

MEMORANDUM OPINION[1]

----------

I. 
Introduction

In
one issue, Appellant Evangel Mildred Brasel asserts
that, under the circumstances of this case, the trial court abused its
discretion by assessing a sentence of eight years’ confinement.  The State responds that Brasel
failed to preserve her issue for review, that the trial
court properly exercised its discretion in sentencing, and that Brasel’s issue is inadequately briefed.  We affirm.

II.  Factual and Procedural History

Pursuant to a plea bargain, Brasel
pleaded guilty to burglary of a habitation.  The trial court placed Brasel
on deferred adjudication community supervision for five years and assessed a
$750 fine.  Brasel
did not comply with the terms of her community supervision, and the State moved
to adjudicate.  The trial court accepted Brasel’s plea of “true” to the community-supervision
violations, found Brasel guilty as charged in the
indictment, and assessed punishment of eight years’ confinement and a $750
fine.  This appeal followed.

III.  Preservation of Error

          To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  An objection must be made as soon as the
basis for the objection becomes apparent. 
Tex. R. Evid. 103(a)(1); Lagrone v. State, 942
S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk
v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  The preservation requirement extends to
sentencing following revocation.  Wright v. State, 249
S.W.3d 581, 584 (Tex. App.—Fort Worth 2008, no pet.); Thompson v. State, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth
2007, pet. ref’d).

IV.  Analysis

          An analysis of the record reveals that
when the trial court imposed Brasel’s sentence, no
objection was made by or on behalf of Brasel.  And in Brasel’s
motion for new trial, Brasel asserted only that she
“should be granted a new trial in these cases because the verdict is contrary
to the law and the evidence.” Texas Rule of Appellate Procedure 33.1(a)(1)(A) requires that a complaint made to the trial court be
made “with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context.”  Tex. R. App. P. 33.1(a)(1)(A).
 We hold that the assertion in Brasel’s motion for new trial is well wide of the mark of
informing the trial court that there is a complaint that the sentence is
excessive[2] and that
nothing is preserved for our review.  Therefore,
we overrule Brasel’s sole issue.

V. 
Conclusion

          Having overruled Brasel’s
sole issue, we affirm the trial court’s judgment.

 

BOB MCCOY
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
MCCOY and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]In
Thompson, this court was presented
with similar facts:  a revocation of
community supervision, a failure to object to sentencing, and the same or
similar language in the motion for new trial. 
243 S.W.3d at 775–76.  However, we decided Thompson on the issue of presentment of the motion for new trial
and not the adequacy of the motion’s wording. 
Id. at 776.