**Opinion filed February 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00054-CR

_____

## PAUL CURTIS MILLER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-37,244**

### M E M O R A N D U M   O P I N I O N

Paul Curtis Miller appeals from the revocation of his community supervision and the adjudication of his guilt for the offense of aggravated assault with a deadly weapon. He was originally placed on community supervision for a period of seven years. Upon the revocation, the trial court set his punishment at confinement for forty years in the Texas Department of Criminal Justice, Institutional Division, and assessed a fine of $767. In three issues, he contends that the waiver he executed at his adjudication hearing should not bar the appeal of his sentence in that it was not knowing and voluntary because it occurred prior to the pronouncement of sentence and was not given in exchange for an agreed sentence or sentencing recommendation, that his forty-year sentence violates state and federal prohibitions against cruel and unusual

punishments, and that the trial court abused its discretion when it failed to hold a hearing on his motion for new trial. We affirm.

Miller contends in Issue One that the appellate waiver he executed at his adjudication hearing should not bar the appeal of his sentence in that it was not knowing and voluntary because it occurred prior to the pronouncement of sentence and was not given in exchange for an agreed sentence or sentencing recommendation. The State concedes that Miller's waiver is not binding because the consequences of the waiver were not known with certainty at the time it was executed and concedes that the waiver does not bar the appeal in this case. Inasmuch as we agree with Miller and the State that Miller has the right to appeal and inasmuch as we are considering Miller's appeal, we find this issue to be moot. We overrule Issue One.

Miller urges in Issue Two that his forty-year sentence violates the ban on cruel and unusual punishment prescribed by the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution. An appellant may not assert error pertaining to his sentence or punishment when he has failed to object or otherwise raise the error in the trial court. TEX. R. APP. P. 33.1(a)(1); *Thompson v. State*, 243 S.W.3d 774, 775 (Tex. App.—Fort Worth 2007, pet. ref'd). Miller made no objection to his sentence at trial, but did file a motion for new trial in which he contended that his forty-year sentence constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions.

In order to preserve error, a motion for new trial must be presented to the trial court. *See* TEX. R. APP. P. 21.6; *Thompson*, 243 S.W.3d at 776. In order to show presentment, the movant in a motion for new trial has the burden of showing that the motion was actually delivered to the trial court or showing that the motion was otherwise brought to the attention or actual notice of the trial court. *Thompson*, 243 S.W.3d at 776. Although Miller filed a motion for new trial, there is nothing in the record to show that he presented it to the trial court by providing the actual notice required. Rather than showing actual notice to the trial court, the "Certificate of Presentment" contained in his motion only showed that the motion was hand delivered to the trial judge's office. This certificate of presentment is, therefore, insufficient to show presentment as required by the rule. *See Hiatt v. State*, 319 S.W.3d 115, 122 (Tex. App.—San Antonio 2010, pet. ref'd); *Owens v. State*, 832 S.W.2d 109, 111 (Tex. App.—Dallas 1992, no pet.). These cases suggest that such a certificate alone would have been insufficient even if it were certified that the motion had been presented to the trial court. *Hiatt*, 319 S.W.3d at 122; *Owens*, 832 S.W.2d at

2

111. Consequently, Miller failed to preserve error with respect to this issue. We overrule Issue Two.

Miller asserts in Issue Three that the trial court abused its discretion by not having a hearing on his motion for new trial. Because Miller never presented a motion for new trial that included a request for a hearing and because there is no showing that such a request was ever brought to the attention of the trial court in any way, the issue with respect to the trial court failing to hold a hearing is not preserved for review. *Rozell v. State*, 176 S.W.3d 228, 231 (Tex. Crim. App. 2005). We overrule Issue Three.

The judgment is affirmed.

PER CURIAM

February 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1] John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3