

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| REGINALD JORONE HOUSTON, | | No. 08-12-00060-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 432nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1222649W) |
| | § | |

## **O P I N I O N**

Reginald Jorone Houston appeals a judgment adjudicating guilt. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Appellant was charged by information with the offense of burglary of a habitation. On January 31, 2011, he waived his right to a jury trial and entered a negotiated plea of guilty. In exchange for the guilty plea, the State recommended a fine of $500 and deferred adjudication community supervision for five years. The trial court accepted the plea, deferred adjudicating guilt, and placed Appellant on deferred adjudication community supervision for five years.

On August 1, 2011, the State filed a petition to adjudicate guilt based on allegations that Appellant had violated the terms and conditions of community supervision by committing a new offense, namely, possession of marihuana, by associating with persons of disreputable or harmful

character, and by failing to remain within Tarrant County. At the adjudication hearing, Appellant pled true to the allegations that he had associated with a person of disreputable or harmful character and he had failed to remain within Tarrant County, but he pled not true to the allegations related to possession of marihuana. At the conclusion of the hearing, the trial court found each allegation true. The court found Appellant guilty and assessed his punishment at imprisonment for fifteen years.

## PUNISHMENT

Appellant raises two issues related to the punishment assessed. First, he complains that the trial court abused its discretion and assessed cruel and unusual punishment by sentencing him to serve fifteen years. Second, he contends that the sentence of fifteen years is disproportionate to the crime given that he was a first time offender. The State responds that Appellant waived both issues by failing to object in the trial court. We agree.

To preserve a complaint for appellate review, the record must show Appellant made a timely and specific request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986). Even constitutional rights, such as the right to be free from cruel and unusual punishment, may be waived. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Curry v. State*, 910 S.W.2d 490, 498 (Tex.Crim.App. 1995); *Richardson v. State*, 328 S.W.3d 61, 72 (Tex.App.--Fort Worth 2010, pet. ref'd). Thus, a criminal defendant must preserve a complaint that the trial court abused its discretion with regard to the punishment assessed or that his sentence is grossly disproportionate by presenting to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*,

283 S.W.3d 473, 475 (Tex.App.--Fort Worth 2009, pet. ref 'd).  Appellant did not object when the trial court sentenced him and he did not file a motion for new trial raising the sentencing issue.  Consequently, he failed to preserve the issue for review.  *See Kim*, 283 S.W.3d at 475; *Thompson v. State,* 243 S.W.3d 774, 776 (Tex.App.--Fort Worth 2007, pet. ref'd).  We overrule Issues One and Two and affirm the judgment of the trial court.

April 17, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)