

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00197-CR

———————————————————

BRYAN KEITH GARRISON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1484494R

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

**MEMORANDUM OPINION**

## I.    Introduction

The first count in Appellant Bryan Keith Garrison's seven-count indictment was for continuous sexual abuse of a young child.[1]  *See* Tex. Penal Code Ann. § 21.02. That count listed eight different acts of sexual abuse involving J.C. and his younger brother K.C. that were alleged to have occurred between December 22, 2013— Garrison's seventeenth birthday—and June 30, 2015.  The jury convicted Garrison of count one, and the trial court sentenced him to fifty years' confinement.  *See id.* § 21.02(b), (h).  Garrison now raises three issues in this appeal.  We affirm.

## II.    A Section 8.07(b) Instruction was not Required.

In his first issue, Garrison argues that the trial court erred by omitting a Texas Penal Code Section 8.07(b) instruction in the jury charge,[2] which he contends allowed the jury to convict him for acts that occurred before he turned seventeen years old when the charge included a general limitations instruction that authorized the jury to convict him for any offense committed prior to trial, including those prior to his

---

[1]The indictment also alleged four counts of aggravated sexual assault of a child and two counts of indecency with a child.

[2]We must review all alleged jury-charge error, even if—as here—it is not preserved because the trial court has an absolute sua sponte duty to prepare a jury charge that accurately sets forth the law applicable to the specific offense charged. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).  In reviewing a jury charge, if we determine that no error occurred; our analysis ends. *Kirsch*, 357 S.W.3d at 649.

seventeenth birthday. The State responds that the charge sufficiently instructed the jury on the law applicable to the case and that a Section 8.07(b) instruction was not required.

Texas Penal Code Section 8.07(b) provides, in pertinent part, that a person may not be prosecuted for or convicted of any offense committed before reaching age seventeen. *Id.* § 8.07(b); *see Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) (describing Penal Code Section 8.07(b) as "a prohibition of prosecutions and convictions based upon offenses committed before the age of seventeen"). In *Taylor*, the Texas Court of Criminal Appeals concluded that a jury charge is "erroneous if it presents the jury with a much broader chronological perimeter than is permitted by law." 332 S.W.3d at 488.

Like the instant case, much of the trial testimony in *Taylor* related to acts committed before the defendant turned seventeen. *Id.* at 485. However, unlike the instant case, the appellant in *Taylor* was convicted of aggravated sexual assault, not continuous sexual abuse of a child. *Id.* Moreover, unlike Texas Penal Code Section 22.021, which governs aggravated sexual assault, Texas Penal Code Section 21.02 contains an element specifically requiring that the perpetrator of the offense be seventeen years of age or older at the time of the commission of each of the acts of sexual abuse. *Compare* Tex. Penal Code Ann. § 21.02(b)(2), *and Hines v. State*, 551 S.W.3d 771, 781–82 (Tex. App.—Fort Worth 2017, no pet.) ("The offense of continuous sexual abuse of a child has five elements: (1) a person (2) *who is seventeen or*

3

*older* (3) commits a series of two or more acts of sexual abuse (4) during a period of thirty or more days, and (5) each time the victim is younger than fourteen." (emphasis added)), *with* Tex. Penal Code Ann. § 22.021 ("Aggravated Sexual Assault"), *and Taylor*, 332 S.W.3d at 487–89 (concluding that the charge omitted an important portion of the law applicable to the case because of the absence of the Section 8.07(b) instruction combined with evidence of the appellant's conduct as a juvenile and complicated by the instruction that the State was not bound by the specific date alleged in the indictment and that the appellant could be convicted upon proof beyond a reasonable doubt that the offense was committed "at any time within the period of limitations").[3]

Evidence was presented at trial regarding Garrison's birthdate—December 22, 1996—and his alleged acts with J.C. and K.C., which occurred between 2011, when Garrison was fifteen years old, and 2015, when Garrison was nineteen years old. Accordingly, if Garrison had been charged solely with aggravated sexual assault of a child and indecency with a child, a Section 8.07(b) instruction, as the law applicable to the case, would have been required. *See Taylor*, 332 S.W.3d at 489; *cf. Gudino v. State*, No. 04-13-00836-CR, 2015 WL 672385, at *4 (Tex. App.—San Antonio Apr. 22, 2015, pet. ref'd) (mem. op., not designated for publication) (holding Section 8.07(b)

---

[3]Because the appellant in *Taylor* had failed to preserve his Section 8.07(b) complaint, the court conducted a review for egregious harm; it found that he did not suffer egregious harm when the jury could have convicted him based on the evidence even if a proper instruction had been given and his pre-age seventeen acts disregarded. 332 S.W.3d at 489–93.

was not the law applicable to the case when no evidence was presented to establish appellant's birth date or to show that he was under seventeen when the first alleged incident occurred).

But here, while Garrison was charged with several counts of aggravated sexual assault of a child and indecency with a child, he was also charged—and ultimately solely convicted—of continuous sexual abuse of a young child under Texas Penal Code Section 21.02. The indictment[4] and the jury charge[5] both listed the "seventeen or older" element in Section 21.02, and the charge required the jury to find the

---

[4]The indictment alleged in count one that

[Garrison] . . . on or about the 22nd day of December 2013, . . . through the 31st [sic] day of June 2015, intentionally or knowingly, during a period of time that is 30 days or more in duration, commit[ted] two or more acts of sexual abuse, to wit: [listing the six individual acts against J.C. and two individual acts against K.C.], and *at the time of the commission of each of these acts of sexual abuse the defendant was 17 years of age or older* and [J.C.] and [K.C.] were younger than 14 years of age. [Emphasis added.]

[5]The abstract portion of the charge stated,

Our law provides that a person commits the offense of continuous sexual abuse of a young child if the person intentionally or knowingly, during a period that is 30 or more days in duration, commits two or more acts of sexual abuse, and *at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older* and the victim is a child younger than 14 years of age. [Emphasis added.]

The application portion of the charge repeated the required "at the time of the commission of each of these acts of sexual abuse the Defendant was 17 years of age or older" element.

offense's elements beyond a reasonable doubt. Because we presume, without evidence otherwise, that the jury followed the trial court's instructions, *see Kirk v. State*, 199 S.W.3d 467, 479 (Tex. App.—Fort Worth 2006, pet. ref'd),[6] and because a separate Section 8.07(b) instruction under these circumstances, for this particular offense, would have been redundant at best, and an impermissible comment on the weight of the evidence at worst, *see* Tex. Code Crim. Proc. Ann. art. 38.05 ("[J]udge shall not discuss [evidence]."), we conclude that as to the offense for which Garrison

---

[6]Similar to *Taylor*, the jury here also had before it the trial court's general limitations instruction, which stated that the State was not required to prove the exact date alleged in the indictment but could prove the offense to have been committed "at any time prior to the presentment of the indictment and before the expiration of the statute of limitations," and which further stated that there was no limitations period for continuous sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child. But while a Section 8.07(b) instruction would have been necessary to mitigate any harm caused by this instruction to the individual aggravated-sexual-assault-of-a-child and indecency counts, as noted above, the continuous-sexual-abuse-of-a-child count contained its own "age-seventeen or older" element.

Further, the charge also included a limiting instruction that allowed the jury to consider "any crime, wrong or act *other than those charged in the indictment*" committed by Garrison against J.C. and K.C.—i.e., any such act prior to Garrison's seventeenth birthday—only to understand the parties' states of mind and previous or subsequent relationship "and for those purposes only." [Emphasis added.] A second limiting instruction allowed the jurors to consider "any crime or act committed by [Garrison] against" two other boys only if they believed that the crime or act occurred beyond a reasonable doubt and only for any bearing that it had on Garrison's intent, plan, character, or any acts performed in conformity with that character.

6

was actually convicted, the trial court committed no error.[7]  We overrule Garrison's first issue.

## III.  Garrison Failed to Preserve His Facial Unconstitutionality Complaints.

In his second and third issues, Garrison complains that Texas Code of Criminal Procedure Article 38.37 and Texas Penal Code Section 21.02 are facially unconstitutional.  The State responds that Garrison has forfeited both complaints because he did not raise them until his motion for new trial, which he did not present to the trial court.  *Cf.* Tex. R. App. P. 21.6 (stating that the defendant must present the motion for new trial to the trial court within 10 days of filing it unless the trial court permits it to be presented and heard within 75 days from the date when the trial court imposed or suspended sentence in open court); *Thompson v. State*, 243 S.W.3d 774, 776 (Tex. App.—Fort Worth 2007, pet. ref'd) ("Filing a motion for new trial alone is not sufficient to show presentment.").

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling.  Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016).  Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to

---

[7]If Garrison had instead only been convicted of indecency, or of aggravated sexual assault of a child like the appellant in *Taylor*, our analysis here would have been different.

rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000). Because it is a systemic requirement, this court should independently review error preservation, and we have a duty to ensure that a claim is properly preserved in the trial court before we address its merits. *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016); *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010).

"[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). During the Article 38.37 hearings, Garrison raised Texas Rule of Evidence 403 objections, which the trial court overruled, but he did not challenge the statute's constitutionality. Further, he raised no objections to the constitutionality of Section 21.02 during the trial.

The trial court imposed Garrison's sentence on June 22, 2017 and issued a nunc pro tunc order eight days later with regard to the amount of time credited. Garrison filed a motion for new trial on July 10, 2017, in which he complained that the verdict was contrary to the law and the facts and that the evidence was insufficient to sustain the jury's finding of guilt. He filed a first amended motion for new trial on August 8, 2017, raising, for the first time, his complaints about the constitutionality of Article 38.37 and Section 21.02. There is no indication of presentment on this record. *See* Tex. R. App. P. 21.6.

Under Texas Rule of Appellate Procedure 21.4, a defendant may file a motion for new trial before—but no later than 30 days after—the date when the trial court imposes the defendant's sentence in open court and may file without leave of court one or more amended motions for new trial within that same 30-day time period as long as he does so before the trial court overrules any preceding motion for new trial. Tex. R. App. P. 21.4. Garrison's amended motion for new trial was filed outside of the 30-day period. *See id.* Because Garrison has failed to preserve his complaints about Article 38.37 and Section 21.02,[8] we overrule his second and third issues.

## IV.   Conclusion

Having overruled Garrison's three issues, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 31, 2019

---

[8]Even if Garrison had preserved these complaints, this court has rejected both arguments, most recently in *Perez v. State*, 526 S.W.3d 676, 686–87 (Tex. App.—Fort Worth 2018, no pet.) (joining other courts in holding that Article 38.37 is constitutional), and *Harris v. State*, No. 02-17-00278-CR, 2018 WL 3153605, at *2 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication) (recognizing that "this court and other courts have consistently rejected arguments challenging Section 21.02's constitutionality").