**Opinion filed April 15, 2010**



## In The

# Eleventh Court of Appeals

_____

### Nos. 11-09-00085-CR & 11-09-00086-CR

_____

### STEPHEN TROUTZ, Appellant

### V.

### STATE OF TEXAS, Appellee

---

**On Appeal from the 396th District Court**

**Tarrant County, Texas**

**Trial Court Cause Nos. 1006175D & 1116279W**

---

### M E M O R A N D U M   O P I N I O N

These are appeals from judgments adjudicating guilt.  Stephen Troutz originally entered pleas of guilty to the offenses of aggravated assault with a deadly weapon[1] and assault causing bodily injury to a public servant in retaliation for an official duty.[2]  The trial court deferred the adjudication of appellant's guilt.  For the aggravated assault offense, the trial court placed appellant on community supervision for five years and assessed a $500 fine.  For the assault

---

[1]11-09-00085-CR.
[2]11-09-00086-CR.

causing bodily injury to a public servant, the trial court placed appellant on community supervision for three years and assessed a $300 fine. At the hearing on the State's motions to adjudicate, appellant entered pleas of true to several of the State's allegations. In each case, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and imposed a sentence of confinement for five years. We affirm.

In his first point, appellant contends that the evidence is factually insufficient to support the trial court's decision to adjudicate his guilt for each offense. Appellant is asking this court to apply the standard stated in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). We note that the *Clewis* factual sufficiency standard is not applicable to revocation of community supervision. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 27 (Tex. App.—Tyler 2002, no pet.); *Becker v. State*, 33 S.W.3d 64 (Tex. App.—El Paso 2000, no pet.); *Brumbalow v. State*, 933 S.W.2d 298 (Tex. App.—Waco 1996, pet. ref'd).

Moreover, in a community supervision revocation hearing, the State has the burden of proving by a preponderance of the evidence that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *McDonald v. State*, 608 S.W.2d 192 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175 (Tex. Crim. App. 1980); *Moses v. State*, 590 S.W.2d 469 (Tex. Crim. App. 1979). The trial court is the trier of the facts and determines the weight and credibility of the testimony. *Garrett v. State*, 619 S.W.2d 172 (Tex. Crim. App. 1981); *Barnett v. State*, 615 S.W.2d 220 (Tex. Crim. App. 1981). A plea of true alone is sufficient to support the trial court's determination to revoke. *Moses*, 590 S.W.2d at 470; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Appellate review of an order revoking community supervision is limited to the issue of whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Appellant has not established that the trial court abused its discretion. In each case, the first point is overruled.

2

In his second point, appellant contends that the trial court abused its discretion when it assessed his punishment at confinement for five years in each case. Appellant contends that, while the punishment assessed was within the statutory limits, the length of punishment was "outside the zone of reasonable disagreement." We disagree.

Appellant failed to raise his objection at trial and specifically stated that there was no reason that the sentences could not be imposed. His complaints have not been preserved for appellate review. TEX. R. APP. P. 33.1; *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Thompson v. State*, 243 S.W.3d 774, 775-76 (Tex. App.—Fort Worth 2007, pet. ref'd).

Moreover, we note that the trial court assessed punishment within the range authorized by the legislature under TEX. PENAL CODE ANN. §§ 12.33, 12.34, 22.01(b), and 22.02(a) (Vernon Supp. 2009). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). The second point is overruled in each case.

The judgments of the trial court are affirmed.

TERRY McCALL
JUSTICE

April 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3