Opinion filed April 15,
2010

 


 
 
 
 
 
 
 





                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                   
Nos. 11-09-00085-CR &
11-09-00086-CR

                                                   
__________

 

                                   
STEPHEN TROUTZ, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 396th District Court

 

                                                         
Tarrant County, Texas

 

                                     
Trial Court Cause Nos. 1006175D & 1116279W

 



 

                                          
 M E M O R A N D U M    O P I N I O N 

 

           
These are appeals from judgments adjudicating guilt.  Stephen Troutz
originally entered pleas of guilty to the offenses of aggravated assault with a
deadly weapon[1]
and assault causing bodily injury to a public servant in retaliation for an
official duty.[2] 
The trial court deferred the adjudication of appellant’s guilt.  For the
aggravated assault offense, the trial court placed appellant on community
supervision for five years and assessed a $500 fine.  For the assault
causing bodily injury to a public servant, the trial court placed appellant on
community supervision for three years and assessed a $300 fine.  At the
hearing on the State’s motions to adjudicate, appellant entered pleas of true
to several of the State’s allegations.  In each case, the trial court
found that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated his guilt, and
imposed a sentence of confinement for five years.  We affirm.

           
In his first point, appellant contends that the evidence is factually
insufficient to support the trial court’s decision to adjudicate his guilt for
each offense.  Appellant is asking this court to apply the standard stated
in Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  We note
that the Clewis factual sufficiency standard is not applicable to
revocation of community supervision. Pierce v. State, 113 S.W.3d 431,
436 (Tex. App.—Texarkana 2003, pet. ref=d);
Cochran v. State, 78 S.W.3d 20, 27 (Tex. App.—Tyler 2002, no pet.); Becker
v. State, 33 S.W.3d 64 (Tex. App.—El Paso 2000, no pet.); Brumbalow v.
State, 933 S.W.2d 298 (Tex. App.—Waco 1996, pet. ref=d). 

           
Moreover, in a community supervision revocation hearing, the State has the
burden of proving by a preponderance of the evidence that a condition of
community supervision has been violated. Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006); Cobb v. State, 851 S.W.2d 871, 874
(Tex. Crim. App. 1993).  Proof of one violation of the terms and
conditions of community supervision is sufficient to support the
revocation.  McDonald v. State, 608 S.W.2d 192 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses
v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979).  The trial court is
the trier of the facts and determines the weight and credibility of the
testimony.  Garrett v. State, 619 S.W.2d 172 (Tex. Crim. App.
1981); Barnett v. State, 615 S.W.2d 220 (Tex. Crim. App. 1981).  A
plea of true alone is sufficient to support the trial court’s determination to
revoke.  Moses, 590 S.W.2d at 470; Cole v. State, 578 S.W.2d
127, 128 (Tex. Crim. App. 1979).  Appellate review of an order revoking
community supervision is limited to the issue of whether the trial court abused
its discretion.  Rickels, 202 S.W.3d at 763; Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

           
Appellant has not established that the trial court abused its discretion. 
In each case, the first point is overruled.

           
In his second point, appellant contends that the trial court abused its
discretion when it assessed his punishment at confinement for five years in
each case.  Appellant contends that, while the punishment assessed was
within the statutory limits, the length of punishment was “outside the zone of
reasonable disagreement.”  We disagree.

           
Appellant failed to raise his objection at trial and specifically stated that
there was no reason that the sentences could not be imposed.  His
complaints have not been preserved for appellate review.  Tex. R. App. P. 33.1; Mercado v.
State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Thompson v. State,
243 S.W.3d 774, 775-76 (Tex. App.—Fort Worth 2007, pet. ref’d).

           
Moreover, we note that the trial court assessed punishment within the range
authorized by the legislature under Tex.
Penal Code Ann. ''
12.33, 12.34, 22.01(b), and 22.02(a) (Vernon Supp. 2009).  A penalty assessed within the
range of punishment established by the legislature will not be disturbed on
appeal.  Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App.
1984); Bradfield v. State, 42 S.W.3d 350, 354 (Tex. App.CEastland 2001, pet. ref’d).  The second point is
overruled in each case.

           
The judgments of the trial court are affirmed.

 

 

                                                                                               
TERRY McCALL

                                                                                               
JUSTICE

 

April 15, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.














[1]11-09-00085-CR.





[2]11-09-00086-CR.