**Curtis WRIGHT, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–07–107–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 17, 2008.

Rehearing Overruled March 6, 2008.

Gwinda L. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Kimberly Colliet Wesley, Leticia Martinez, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

Appellant Curtis Wright, Jr. appeals the fifteen-year sentence imposed after the trial court adjudicated him guilty of violating conditions of his deferred adjudication community supervision. In his sole point, Wright argues that the trial court abused its discretion by imposing a fifteen-year sentence because the evidence was insufficient to show that he violated a term or condition of his community supervision. We will affirm.

### II. Procedural Background

On August 10, 2004, the grand jury indicted Wright for the offense of sexual assault of a child under seventeen years of age. On October 28, 2005, Wright entered a guilty plea, and the trial court placed him on deferred adjudication for six years. On that same date, the trial court and Wright signed the "Supplement/Amendment To Conditions Of Community Supervision," which included a condition that Wright attend, participate fully in, and

successfully complete a sex offender treatment program within three years of initiating treatment.

On December 7, 2006, the State filed its petition to proceed to adjudication. The State alleged that Wright had violated the sex offender treatment condition because he had been unsuccessfully discharged from two sex offender treatment programs.

On March 23, 2007, the trial court held a hearing on the State's motion to proceed to adjudication. The trial court found that Wright had been unsuccessfully discharged from sex offender treatment, found Wright guilty of the offense of sexual assault of a child under seventeen years of age, entered a judgment adjudicating guilt, and sentenced Wright to fifteen years' imprisonment. The trial court certified that the case was a deferred adjudication case and that Wright had a limited right of appeal.

Wright, thereafter, filed his notice of appeal and his motion for new trial. The trial court held a hearing on Wright's motion for new trial. At the hearing, Wright's counsel argued that the State's motion to proceed to adjudication had been filed prematurely. Wright's counsel argued that, under the conditions of his community supervision, Wright had three years to complete the sex offender treatment program, which would have given him until 2009 to comply with the condition, three years from the initiation of the treatment on February 17, 2006 with Michael Strain, Wright's initial sex offender treatment provider. At the conclusion of the hearing, the trial court denied Wright's

motion for new trial. This appeal followed.

## III. CHALLENGING DECISION TO ADJUDICATE VIA CHALLENGE TO PUNISHMENT

■ In his sole point, Wright argues that the trial court abused its discretion by imposing a fifteen-year sentence because the evidence was insufficient to show that he had violated a term or condition of his community supervision. Wright concedes that his argument is a back-door attempt to challenge the trial court's decision to adjudicate his guilt; Wright argues that the only basis for adjudication alleged by the State was premature.

Wright concedes that the old version of Texas Code of Criminal Procedure article 42.12, section 5(b) applies to his appeal, and that version prohibits an appellant from challenging on appeal the trial court's decision to adjudicate guilt. *See* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2750, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).[1] Wright nonetheless attempts to do exactly that—challenge the trial court's adjudication of his guilt—by intertwining that complaint with a challenge to the punishment he was assessed.

■ While the record is clear that Wright had three years to comply with the condition of community supervision that required him to submit to sex offender treatment and that the three years had not expired at the time that the State proceeded to adjudication on the underlying of-

1. Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's determination adjudicating guilt and to provide that an appellate court can review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397.

fense, the former version of article 42.12, section 5(b) provides no statutory vehicle that would allow Wright to challenge what he claims to be a due process violation. *See id.* And because the Legislature did not make its changes to article 42.12, section 5(b) retroactive, we are constrained by former article 42.12, section 5(b) to hold that Wright cannot challenge in this appeal the trial court's determination to proceed to an adjudication of guilt. *See id.*

█ To the extent that Wright is challenging the term of punishment imposed by the trial court, that issue is not properly before us because Wright did not object or otherwise raise the alleged error in the trial court.[2] *See* TEX.R.APP. P. 33.1(a)(1); *Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986); *see also Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.-Amarillo 1996, pet. ref'd) (stating that error was not preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed and failed to file a motion for new trial); *Thompson v. State,* No. 02–06–00440–CR, 2007 WL 3408659, at *2 (Tex.App.-Fort Worth Nov.15, 2007, pet. filed) (holding that appellant forfeited his complaint regarding his post-adjudication sentence because he did not object at trial or present his motion for new trial); *Davis v. State,* No. 02–04–00132–CR, 2005 WL 627104, at

*1 (Tex.App.-Fort Worth Mar.17, 2005, pet. ref'd) (mem. op.) (not designated for publication) (holding that appellant forfeited his complaint regarding his sentence because he did not object at trial). Therefore, we must overrule Wright's sole point.

## IV. CONCLUSION

Having overruled Wright's sole point, we affirm the trial court's judgment.

DAUPHINOT, J. filed a concurring opinion.

LEE ANN DAUPHINOT, Justice, concurring.

I write separately only to point out the fundamentally unfair effect of former article 42.12, section 5(b) that, in my opinion, amounts to a denial of due process.[1] The statute provides no limits on the trial court's authority to adjudicate a person who has been placed on deferred adjudication community supervision.[2] The State is required to offer no proof, and there is no requirement that a person violate a condition of community supervision before the trial court revokes community supervision and adjudicates guilt.[3] Although a defendant is entitled to a hearing, the hearing is limited to a determination by the court of

---

**2.** Wright filed a "Motion To Determine If Defendant Wishes To Withdraw His Plea Of Guilty" on December 5, 2005. This motion complains that Wright was incorrectly admonished regarding the range of punishment because the "Written Plea Admonishments & Waivers" incorrectly states the punishment as a first-degree felony. The record does not reflect any ruling by the trial court on this motion, and Wright did not appeal the trial court's order placing him on deferred adjudication community supervision. *See Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999) (holding that complaint from original plea is required to be raised in appeal from trial court's order placing appellant on de-

ferred adjudication community supervision); *Davila v. State,* No. 02–04–00471–CR, 2005 WL 1120015, at *1 (Tex.App.-Fort Worth May 12, 2005, pet. ref'd) (mem. op.) (not designated for publication) (same).

**1.** As the majority points out, this section was amended effective June 15, 2007. All citations to the statute in this concurring opinion will be to the former statute.

**2.** *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006) (former version).

**3.** *See id.*

whether to proceed to adjudication.[4] There is no requirement that the hearing include evidence of a violation of a condition of community supervision, and there is no possibility of appealing the trial court's determination.[5] A statute such as former article 42.12, section 5(b) permits the very type of open-ended, unfettered discretion condemned by the United States Supreme Court in *Furman v. Georgia.*[6]

In the case now before this court, it is clear that the trial court revoked Appellant's community supervision and adjudicated his guilt even though the State did not prove the violation alleged in the petition to adjudicate. This court recognizes the absence of grounds to support revocation and adjudication, yet we are forced to sit idly by and tacitly approve the clear denial of due process allowed by the former statute.

---

4. *Id.*

5. *See id.*

6. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).