

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-07-377-CR

GEMARD JEROME GHOLSTON                                    APPELLANT
A/K/A GEMARD J. GHOLSTON

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

This is an appeal from a sentence imposed following the revocation of deferred adjudication community supervision. Appellant Gemard Jerome Gholston a/k/a Gemard J. Gholston appeals his five-year sentence for failure to comply with sex offender registration requirements. *See* Tex. Code Crim. Proc.

---

[1] *See* Tex. R. App. P. 47.4.

Ann. art. 62.102 (Vernon 2006). In his sole point, appellant contends that the trial court abused its discretion in making its sentencing decision. We affirm.

## Background Facts

In 1994, appellant was convicted of sexual assault. As a result of that conviction, appellant was required to annually verify his sex offender registration with local law enforcement authorities. *See id.* art. 62.051. In 2004, a grand jury indicted appellant for failing to satisfy the registration requirements (a third-degree felony punishable by two to ten years' confinement). *See id.* art. 62.102(b)(2); Tex. Penal Code Ann. § 12.34(a) (Vernon 2003). In 2005, appellant pled guilty to the indicted offense and the trial court placed him on deferred adjudication community supervision for five years. The terms of his community supervision required appellant to (among other provisions) report monthly to his community supervision officer and submit himself to a sex offender evaluation.

In 2007, the State filed a petition to proceed to adjudication on appellant's failure to satisfy his registration requirements, alleging that appellant violated the provisions of his community supervision. On September 7, 2007, the trial court conducted a hearing on the State's petition. During that hearing, appellant pled true to failing to report to his supervision officer, and testimony established that appellant failed to complete the sex offender evaluation.

2

Appellant testified that his failure to comply with the terms of his deferred adjudication community supervision resulted from his misunderstanding of its provisions.  The trial court found that two of the allegations contained in the State's petition were true, revoked appellant's community supervision, adjudicated appellant guilty, and assessed punishment at five years' confinement.

## Abuse of Discretion in Sentencing

In his only point on appeal, appellant contends that the trial court abused its discretion in sentencing him.  Specifically, appellant asserts that the trial court failed to consider appellant's mitigating reasons for failing to comply with the requirements of his deferred adjudication community supervision.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

3

An objection to a sentence is waived if it is not presented to the trial court. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). Likewise, an objection to the term of punishment imposed by a trial court is waived if it is not objected to or otherwise raised at the trial court level. *See Mercado v. State,* 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Thompson v. State*, 243 S.W.3d 774, 775 (Tex. App.—Fort Worth 2007, pet. ref'd). More specifically, by failing to object to a sentence upon the adjudication of guilt following deferred adjudication community supervision, a defendant waives any error associated with the sentence. *Wright v. State*, 249 S.W.3d 581, 584 (Tex. App.—Fort Worth 2008, no pet.).

Here, after the trial court declared its sentence, appellant's counsel stated that he had "no legal reason" why the sentence should not be enforced. Further, following sentencing, appellant did not file any motion or other objection regarding his sentence. Instead, appellant's notice of appeal only alleged that the trial court erred by finding that the allegations contained in the State's petition to proceed to adjudication were true. Under these circumstances, appellant waived any error associated with his sentencing. *See Mercado*, 718 S.W.2d at 296. Therefore, we overrule appellant's sole point.[2]

---

[2] Even if appellant had preserved error, when the punishment assessed is within the range prescribed by statute, as it is here, it is generally not subject

**Conclusion**

Having overruled appellant's only point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 23, 2008

---

to challenge for excessiveness.  *See Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (explaining that generally, "punishment assessed within the statutory limits is not excessive, cruel, or unusual").