COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-377-CR

 

 

GEMARD JEROME GHOLSTON                                              APPELLANT

A/K/A GEMARD J. GHOLSTON

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Introduction








This is an appeal from a sentence imposed
following the revocation of deferred adjudication community supervision.  Appellant Gemard Jerome Gholston a/k/a Gemard
J. Gholston appeals his five-year sentence for failure to comply with sex
offender registration requirements.  See
Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).  In his sole point, appellant contends that
the trial court abused its discretion in making its sentencing decision.  We affirm.

Background Facts

In 1994, appellant was convicted of sexual
assault.  As a result of that conviction,
appellant was required to annually verify his sex offender registration with
local law enforcement authorities.  See
id. art. 62.051.  In 2004, a grand
jury indicted appellant for failing to satisfy the registration requirements (a
third-degree felony punishable by two to ten years=
confinement).  See id. art.
62.102(b)(2); Tex. Penal Code Ann. ' 12.34(a)
(Vernon 2003).  In 2005, appellant pled
guilty to the indicted offense and the trial court placed him on deferred
adjudication community supervision for five years.  The terms of his community supervision
required appellant to (among other provisions) report monthly to his community
supervision officer and submit himself to a sex offender evaluation.








In 2007, the State filed a petition to proceed to
adjudication on appellant=s failure to satisfy his
registration requirements, alleging that appellant violated the provisions of
his community supervision.  On September
7, 2007, the trial court conducted a hearing on the State=s
petition.  During that hearing, appellant
pled true to failing to report to his supervision officer, and testimony
established that appellant failed to complete the sex offender evaluation.  Appellant testified that his failure to
comply with the terms of his deferred adjudication community supervision
resulted from his misunderstanding of its provisions.  The trial court found that two of the
allegations contained in the State=s
petition were true, revoked appellant=s
community supervision, adjudicated appellant guilty, and assessed punishment at
five years= confinement.

                                Abuse
of Discretion in Sentencing

In his only point on appeal, appellant contends
that the trial court abused its discretion in sentencing him.  Specifically, appellant asserts that the
trial court failed to consider appellant=s
mitigating reasons for failing to comply with the requirements of his deferred
adjudication community supervision.

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








An objection to a sentence is waived if it is not
presented to the trial court.  See
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).  Likewise, an objection to the term of
punishment imposed by a trial court is waived if it is not objected to or
otherwise raised at the trial court level. 
See Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986);
Thompson v. State, 243 S.W.3d 774, 775 (Tex. App.CFort
Worth 2007, pet. ref=d).  More specifically, by failing to object to a
sentence upon the adjudication of guilt following deferred adjudication
community supervision, a defendant waives any error associated with the
sentence.  Wright v. State, 249
S.W.3d 581, 584 (Tex. App.CFort
Worth 2008, no pet.).

Here, after the trial court declared its
sentence, appellant=s counsel stated that he had Ano legal
reason@ why the
sentence should not be enforced. 
Further, following sentencing, appellant did not file any motion or
other objection regarding his sentence. 
Instead, appellant=s notice of appeal only alleged
that the trial court erred by finding that the allegations contained in the
State=s
petition to proceed to adjudication were true. 
Under these circumstances, appellant waived any error associated with
his sentencing.  See Mercado, 718
S.W.2d at 296.  Therefore, we overrule
appellant=s sole point.[2]








                                                Conclusion

Having overruled appellant=s only
point, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  LIVINGSTON, WALKER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 23, 2008 











[1]See Tex. R. App. P. 47.4.





[2]Even if appellant had
preserved error, when the punishment assessed is within the range prescribed by
statute, as it is here, it is generally not subject to challenge for
excessiveness.  See Darden v. State,
430 S.W.2d 494, 496 (Tex. Crim. App. 1968); Dale v. State, 170 S.W.3d
797, 799 (Tex. App.CFort Worth 2005, no pet.)
(explaining that generally, Apunishment assessed within the statutory limits
is not excessive, cruel, or unusual@).