

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00259-CR

EVERETT BEDFORD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Everett Bedford appeals his conviction and punishment for failure to label unauthorized recordings. *See* Act of May 22, 1989, 71st Leg., R.S., ch. 339, § 1, 1989 Tex. Gen. Laws 1305, 1307, *repealed by* Act of June 15, 2007, 80th Leg., R.S., ch. 885, § 2.47(a)(1), 2007 Tex. Gen. Laws 2082, 2082

---

[1]*See* Tex. R. App. P. 47.4.

(current version at Tex. Bus. & Com. Code Ann. § 641.054 (Vernon 2009)).[2] We affirm the trial court's judgment as to Bedford's conviction, but we reverse the trial court's judgment as to punishment and remand this case for a new trial on punishment.

## II. Involuntary Plea

The information alleged that Bedford committed the offense of failure to label involving at least sixty-five unauthorized recordings during a 180-day period. Bedford agreed to plead guilty to a lesser included offense in exchange for five years' deferred adjudication community supervision, $1,000 in restitution, drug screening, and counseling. The trial court's July 25, 2008 "unadjudicated judgment on plea of guilty or nolo contendere and suspending imposition of sentence" reflects that Bedford pleaded guilty to failure to label unauthorized recordings of more than seven but less than sixty-five during a 180-day period and received five years' deferred adjudication community supervision, a $500 fine, and court costs.

In May 2010, the State filed a petition to proceed to adjudication, and Bedford pleaded true to some of the State's allegations. The judgment adjudicating guilt reflects that Bedford was convicted of failure to label

---

[2]The effective date of the repeal of former section 35.94 of the business and commerce code is April 1, 2009, the same effective date as its successor statute, business and commerce code section 641.054. We note that the legislature made no substantive change to the relevant portion of the statute at issue here when it repealed former section 35.94 and replaced it with section 641.054. Therefore, we will cite to the statute's current version.

unauthorized recordings of more than seven but less than sixty-five during a 180-day period; that the trial court found true paragraphs 1, 2, and 5 of the State's petition; and that Bedford was sentenced to three years' confinement, a $1,000 fine, and reparations in the amount of $1,493.

In his first point, Bedford complains that the trial court erred by adjudicating him guilty and imposing sentence because his guilty plea was involuntary as the trial court did not properly admonish him as to the range of punishment at the time he entered his guilty plea and again during his revocation hearing. In his second point, Bedford argues that his guilty plea was involuntary because the trial court failed to follow the original plea bargain agreement.

"[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Wright v. State*, 249 S.W.3d 581, 584 n.2 (Tex. App.—Fort Worth 2008, no pet.). Furthermore, an involuntary plea does not render a conviction void, and an involuntariness claim is cognizable on a writ of habeas corpus. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). Because Bedford did not timely appeal the trial court's deferred adjudication community supervision order, we dismiss his second point. *See id*. For the same reason, we dismiss that portion of his first point complaining of his conviction.

3

### III. Punishment Range

In the remainder of his first point, Bedford complains that the trial court did not properly admonish him as to the range of punishment. The State concedes that Bedford's sentence is greater than the maximum punishment available by law and asks us to remand this case.

During the revocation hearing, the trial court asked Bedford if he pleaded guilty on July 25, 2008, to failure to label unauthorized recordings of more than seven but less than sixty-five during a 180-day period, and Bedford said, "Yes." The following dialogue occurred during the hearing:

> [Defense counsel]: Judge, first of all, I would point out . . . if the Court will look on the original plea papers, you'll see that when Mr. Bedford was admonished, when the Court entertained his guilty plea, that he was admonished on the—with the range of punishment being a stated two-to-five years in the Institutional Division. I would submit to the Court that's not an accurate statement of the range of punishment, which would correctly be found in Section 641.01 [sic] of the Business [and] Commerce Code; should have read, I would submit, less than five years.
>
> The Court: You understand that there is no minimum prison sentence on this case. That when you first took the plea, your lawyer told you that you could get two years as a minimum. There is no minimum. It's basically from zero up to five years. You could get up to five years. But you may not even have to go to the penitentiary. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Okay. There is a mandatory fine, however. And it can be prison and fine, if it happens that way. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Okay. All right.

4

The punishment range for a failure to label offense involving at least sixty-five unauthorized recordings during a 180-day period is imprisonment for not more than five years, a fine not to exceed $250,000, or both. *See* Tex. Bus. & Com. Code Ann. § 641.054(b)(1)(A). The punishment range for the same offense involving more than seven but fewer than sixty-five unauthorized recordings during a 180-day period—Bedford's offense—is "*for a term of not more than two years*, a fine not to exceed $250,000, or both." *Id.* § 641.054(b)(2) (emphasis added). Bedford was sentenced to three years' confinement, along with a fine and reparations. "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). We sustain the remaining portion of Bedford's first point because, based on the record before us, the punishment assessed here exceeds the maximum punishment available for his conviction.

## IV. Conclusion

Having dismissed Bedford's second point and dismissed in part and sustained in part his first point, we reverse the trial court's judgment on punishment and remand this case to the trial court for a new trial on punishment.

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 17, 201