02-10-259-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00259-CR

 

 


 
 
 Everett Bedford
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Everett Bedford appeals his conviction and punishment for failure to label
unauthorized recordings.  See Act of May 22, 1989, 71st Leg., R.S., ch.
339, § 1, 1989 Tex. Gen. Laws 1305, 1307, repealed by Act of June 15,
2007, 80th Leg., R.S., ch. 885, § 2.47(a)(1), 2007 Tex. Gen. Laws 2082,
2082 (current version at Tex. Bus. & Com. Code Ann. § 641.054 (Vernon 2009)).[2]  We affirm the
trial court’s judgment as to Bedford’s conviction, but we reverse the trial
court’s judgment as to punishment and remand this case for a new trial on
punishment.

II. 
Involuntary Plea

          The
information alleged that Bedford committed the offense of failure to label
involving at least sixty-five unauthorized recordings during a 180-day period.  Bedford
agreed to plead guilty to a lesser included offense in exchange for five years’
deferred adjudication community supervision, $1,000 in restitution, drug
screening, and counseling.  The trial court’s July 25, 2008 “unadjudicated
judgment on plea of guilty or nolo contendere and suspending imposition of
sentence” reflects that Bedford pleaded guilty to failure to label unauthorized
recordings of more than seven but less than sixty-five during a 180-day period
and received five years’ deferred adjudication community supervision, a $500
fine, and court costs.

          In
May 2010, the State filed a petition to proceed to adjudication, and Bedford
pleaded true to some of the State’s allegations.  The judgment adjudicating
guilt reflects that Bedford was convicted of failure to label unauthorized
recordings of more than seven but less than sixty-five during a 180-day period;
that the trial court found true paragraphs 1, 2, and 5 of the State’s petition;
and that Bedford was sentenced to three years’ confinement, a $1,000 fine, and
reparations in the amount of $1,493.

          In
his first point, Bedford complains that the trial court erred by adjudicating
him guilty and imposing sentence because his guilty plea was involuntary as the
trial court did not properly admonish him as to the range of punishment at the
time he entered his guilty plea and again during his revocation hearing.  In
his second point, Bedford argues that his guilty plea was involuntary because
the trial court failed to follow the original plea bargain agreement.

          “[A]
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding . . . only in appeals taken
when deferred adjudication community supervision is first imposed.”  Manuel
v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); Wright v. State,
249 S.W.3d 581, 584 n.2 (Tex. App.—Fort Worth 2008, no pet.).  Furthermore, an
involuntary plea does not render a conviction void, and an involuntariness
claim is cognizable on a writ of habeas corpus.  Jordan v. State, 54
S.W.3d 783, 785–86 (Tex. Crim. App. 2001).  Because Bedford did not timely
appeal the trial court’s deferred adjudication community supervision order, we
dismiss his second point.  See id.  For the same reason, we
dismiss that portion of his first point complaining of his conviction.

III. 
Punishment Range

          In
the remainder of his first point, Bedford complains that the trial court did
not properly admonish him as to the range of punishment.  The State concedes
that Bedford’s sentence is greater than the maximum punishment available by law
and asks us to remand this case.

          During
the revocation hearing, the trial court asked Bedford if he pleaded guilty on
July 25, 2008, to failure to label unauthorized recordings of more than seven
but less than sixty-five during a 180-day period, and Bedford said, “Yes.”  The
following dialogue occurred during the hearing:

[Defense counsel]: 
Judge, first of all, I would point out . . . if the Court will look on the
original plea papers, you’ll see that when Mr. Bedford was admonished, when the
Court entertained his guilty plea, that he was admonished on the—with the range
of punishment being a stated two-to-five years in the Institutional Division. 
I would submit to the Court that’s not an accurate statement of the range of
punishment, which would correctly be found in Section 641.01 [sic] of the
Business [and] Commerce Code; should have read, I would submit, less than five
years.

 

The Court:  You
understand that there is no minimum prison sentence on this case.  That when
you first took the plea, your lawyer told you that you could get two years as a
minimum.  There is no minimum.  It’s basically from zero up to five years.  You
could get up to five years.  But you may not even have to go to the
penitentiary.  Do you understand that?

 

The Defendant:  Yes,
sir.

 

The Court:  Okay. 
There is a mandatory fine, however.  And it can be prison and fine, if it
happens that way.  Do you understand that?

 

The Defendant:  Yes,
sir.

 

The Court:  Okay. 
All right.

 

          The
punishment range for a failure to label offense involving at least sixty-five
unauthorized recordings during a 180-day period is imprisonment for not more
than five years, a fine not to exceed $250,000, or both.  See Tex. Bus.
& Com. Code Ann. § 641.054(b)(1)(A).  The punishment range for the
same offense involving more than seven but fewer than sixty-five unauthorized
recordings during a 180-day period—Bedford’s offense—is “for a term of not
more than two years, a fine not to exceed $250,000, or both.”  Id.
§ 641.054(b)(2) (emphasis added).  Bedford was sentenced to three years’
confinement, along with a fine and reparations.  “A sentence that is outside
the maximum or minimum range of punishment is unauthorized by law and therefore
illegal.”  Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). 
We sustain the remaining portion of Bedford’s first point because, based on the
record before us, the punishment assessed here exceeds the maximum punishment
available for his conviction.

IV. 
Conclusion

          Having
dismissed Bedford’s second point and dismissed in part and sustained in part
his first point, we reverse the trial court’s judgment on punishment and remand
this case to the trial court for a new trial on punishment.

 

PER CURIAM

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 17, 201









[1]See Tex. R. App. P. 47.4.





[2]The effective date of the
repeal of former section 35.94 of the business and commerce code is April 1,
2009, the same effective date as its successor statute, business and commerce
code section 641.054.  We note that the legislature made no substantive change
to the relevant portion of the statute at issue here when it repealed former
section 35.94 and replaced it with section 641.054.  Therefore, we will cite to
the statute’s current version.