

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00306-CR

RUBEN LOYOLA A/K/A RUBEN AYALA        APPELLANT

V.

THE STATE OF TEXAS        STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ruben Loyola a/k/a Ruben Ayala appeals the trial court's sentence associated with his conviction for evading arrest in a vehicle.[2]  In one

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West 2011).  A first conviction for evading arrest in a vehicle is typically punished as a state jail felony.  *Id.* § 38.04(b)(1)(B).  Appellant's indictment, however, contained an enhancement notice stating that he had been previously convicted of a felony offense in which a court found in its judgment that he used or exhibited a deadly weapon.  When appellant admitted the truth of this notice and the trial court

point, he alleges that the trial court abused its discretion by assessing a five-year sentence. Because appellant forfeited this point, we affirm.

## Background Facts

In August 2009, a grand jury charged appellant with evading arrest in a vehicle. Appellant retained counsel. In January 2010, appellant wrote a letter to the trial court stating that he wanted to be sentenced "according to the evidence" and not "according to [his] jail record." In the letter, appellant stated that he was attending a Bible school. After appellant filed various pretrial motions, in May 2010, he waived constitutional and statutory rights, judicially confessed, and entered an open guilty plea.

The trial court held a sentencing hearing in July 2010. The court admitted a presentence investigation report.[3] It also admitted (1) a letter from appellant's employer stating that appellant was a dependable worker who showed initiative and good communication and organizational skills, and (2) a letter from the Calvary Cathedral International Bible College (Calvary) stating that appellant was registered as a full-time student in good standing.

Appellant's wife, Lupita, testified that she and appellant had been married ten years and had three children together. She said that appellant had recently

---

found it to be true, his punishment range increased to that of a third-degree felony. *See id.* § 12.35(c)(2)(B) (West 2011).

[3]Appellant's counsel confirmed that he had reviewed the report with appellant, and counsel made no objections to the report's content.

become a Christian and had shown a "tremendous amount of improvement as a father and as a husband." She realized that the trial court could sentence appellant to up to ten years' confinement, but she asked the court to grant community supervision. On cross-examination, Lupita recognized that appellant had been previously convicted of attempted murder, theft, DWI, and burglary of a vehicle. Dave Geiger, Calvary's director, testified that appellant began an associate's degree program a few months before the trial and appeared to be dedicated to his studies. Appellant chose to not testify.

The trial court convicted appellant. Citing his extensive criminal history, the trial court sentenced him to five years' confinement. The court asked whether there was any legal reason why the sentence should not be pronounced, and appellant's counsel answered, "There is no legal reason, Your Honor." Appellant filed a motion for new trial, which alleged solely that one of his trial attorneys rendered ineffective assistance. Appellant then filed notice of this appeal.

## Appellant Forfeited His Complaint About the Severity of His Sentence

In his sole point, appellant argues that the trial court abused its discretion by sentencing him to five years' confinement instead of sentencing him to less years or granting community supervision. Appellant concedes in his brief that his point is "tenuous."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

We have held on several occasions that a defendant's complaint regarding the severity of a sentence must be raised at trial to be preserved for appeal. *See Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd) ("Appellant did not assert an objection when the trial court sentenced him to thirty years' confinement, nor did he file a motion for new trial challenging the severity of his sentence. Consequently, Appellant failed to preserve this point for appellate review."); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Wright v. State*, 249 S.W.3d 581, 584 (Tex. App.—Fort Worth 2008, no pet.) (citing *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986)). Accordingly, because appellant did not complain about the severity

of his sentence at trial, we hold that he forfeited the complaint, and we overrule his sole point.

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 7, 2011