02-10-306-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00306-CR 

 

 




 
 
 RUBEN LOYOLA A/K/A RUBEN AYALA
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 




 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Ruben Loyola a/k/a Ruben Ayala appeals the trial court’s sentence associated
with his conviction for evading arrest in a vehicle.[2] 
In one point, he alleges that the trial court abused its discretion by
assessing a five-year sentence.  Because appellant forfeited this point, we affirm.

Background
Facts

          In
August 2009, a grand jury charged appellant with evading arrest in a vehicle. 
Appellant retained counsel.  In January 2010, appellant wrote a letter to the
trial court stating that he wanted to be sentenced “according to the evidence”
and not “according to [his] jail record.”  In the letter, appellant stated that
he was attending a Bible school.  After appellant filed various pretrial
motions, in May 2010, he waived constitutional and statutory rights, judicially
confessed, and entered an open guilty plea.

          The
trial court held a sentencing hearing in July 2010.  The court admitted a presentence
investigation report.[3]  It also admitted (1) a
letter from appellant’s employer stating that appellant was a dependable worker
who showed initiative and good communication and organizational skills, and (2)
a letter from the Calvary Cathedral International Bible College (Calvary) stating
that appellant was registered as a full-time student in good standing.  

          Appellant’s
wife, Lupita, testified that she and appellant had been married ten years and
had three children together.  She said that appellant had recently become a
Christian and had shown a “tremendous amount of improvement as a father and as
a husband.”  She realized that the trial court could sentence appellant to up
to ten years’ confinement, but she asked the court to grant community
supervision.  On cross-examination, Lupita recognized that appellant had been
previously convicted of attempted murder, theft, DWI, and burglary of a vehicle. 
Dave Geiger, Calvary’s director, testified that appellant began an associate’s
degree program a few months before the trial and appeared to be dedicated to
his studies.  Appellant chose to not testify.

          The
trial court convicted appellant.  Citing his extensive criminal history, the
trial court sentenced him to five years’ confinement.  The court asked whether
there was any legal reason why the sentence should not be pronounced, and
appellant’s counsel answered, “There is no legal reason, Your Honor.”  Appellant
filed a motion for new trial, which alleged solely that one of his trial
attorneys rendered ineffective assistance.  Appellant then filed notice of this
appeal. 

Appellant Forfeited
His Complaint About the Severity 

of His Sentence

 

          In
his sole point, appellant argues that the trial court abused its discretion by
sentencing him to five years’ confinement instead of sentencing him to less
years or granting community supervision.  Appellant concedes in his brief that
his point is “tenuous.”

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not
address the merits of an issue that has not been preserved for appeal.  Ford
v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).  

          We
have held on several occasions that a defendant’s complaint regarding the
severity of a sentence must be raised at trial to be preserved for appeal.  See Laboriel-Guity
v. State, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d) (“Appellant
did not assert an objection when the trial court sentenced him to thirty years’
confinement, nor did he file a motion for new trial challenging the severity of
his sentence.  Consequently, Appellant failed to preserve this point for
appellate review.”); Kim v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort
Worth 2009, pet. ref’d); Wright v. State, 249 S.W.3d 581, 584 (Tex.
App.—Fort Worth 2008, no pet.) (citing Mercado v. State, 718 S.W.2d 291,
296 (Tex. Crim. App. 1986)).  Accordingly, because appellant did not complain
about the severity of his sentence at trial, we hold that he forfeited the
complaint, and we overrule his sole point.

Conclusion

          Having
overruled appellant’s only point, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON, C.J.; GARDNER
and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 7, 2011








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 38.04(a), (b)(1)(B) (West 2011).  A first conviction for evading arrest
in a vehicle is typically punished as a state jail felony.  Id. §
38.04(b)(1)(B).  Appellant’s indictment, however, contained an enhancement
notice stating that he had been previously convicted of a felony offense in
which a court found in its judgment that he used or exhibited a deadly weapon. 
When appellant admitted the truth of this notice and the trial court found it
to be true, his punishment range increased to that of a third-degree felony.  See
id. § 12.35(c)(2)(B) (West 2011).





[3]Appellant’s counsel
confirmed that he had reviewed the report with appellant, and counsel made no
objections to the report’s content.