# NO. 12-21-00098-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE JOHNATHAN HERNANDEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jose Johnathan Hernandez appeals his conviction for burglary of a habitation. In his sole issue, Appellant argues that the order granting nunc pro tunc is improper because it had the effect of making a new or independent judgment. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation by intentionally or knowingly entering a habitation without the effective consent of the owner and attempting to commit or committing theft of property, a second degree felony.[1] Appellant pleaded "guilty." A document entitled "Plea Bargain Agreement and Defendant's Waiver and Statements" stated, in bold, that Appellant would receive "deferred adjudication probation for ten years." The district attorney's office, the Appellant, and Appellant's counsel all signed the agreement. In the admonitions, Appellant stated that he was entering a plea of "guilty" and the range of punishment for the offense to which he was pleading was imprisonment for a term of two to ten years. The trial court, Appellant, and Appellant's counsel signed this document.

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2019).

During the plea hearing, Appellant pleaded "guilty" to the charged offense and the State recommended ten years deferred adjudication which reflected Appellant and his counsel's understanding.  While the trial court accepted Appellant's plea, it initially found him "guilty" of the offense of burglary of a habitation, assessed his punishment at ten years of imprisonment, suspended his sentence, and placed him on community supervision for ten years.  However, the State pointed out that it offered deferred adjudication.  The trial court then admonished Appellant that his range of punishment was not less than two years and "no more than [twenty] years" of imprisonment and a fine of up to $10,000.00.  When asked if he understood, Appellant said "Yes, sir."  Then, the trial court accepted Appellant's plea of "guilty," deferred an adjudication of guilt, and placed Appellant on community supervision for ten years.  However, the Order of Deferred Adjudication dated February 16, 2012, stated the terms of the plea bargain as "10 years TDC probated to 10 years deferred adjudication (probation)."  The order also stated that an adjudication of guilt was deferred and Appellant was placed on community supervision for a period of "five (10) years."

After a motion for nunc pro tunc was filed by the State, the trial court granted the motion, and the judgment was corrected to reflect that the terms of the plea bargain were for "10 years deferred adjudication," and that the period of community supervision was  for "ten (10) years."  The order granting the nunc pro tunc was dated April 5, 2012.

On March 7, 2019, the State filed a motion to adjudicate, stating that Appellant violated the terms and conditions of his community supervision.  Later, the State file an amended motion to adjudicate, stating that Appellant was placed on deferred adjudication community supervision for a period of ten years.  This motion also included the order granting the nunc pro tunc.  At the hearing on the motion to adjudicate, Appellant pleaded "not true" to the allegations, including counts 1, 4, 10, 11, 12, and 16.  After the hearing, the trial court granted the State's motion to adjudicate, found the allegations in counts 1, 4, 10, 11, 12, and 16 to be 'true," adjudicated Appellant "guilty" of the offense of burglary of a habitation, and assessed his punishment at sixteen years of imprisonment.  This appeal followed.

### NUNC PRO TUNC

In his sole issue, Appellant argues that the order granting nunc pro tunc was improper and void because it had the effect of making a new or independent judgment by changing a ten year

2

prison sentence probated for ten years to a ten year deferred adjudication sentence. Further, Appellant contends that because the nunc pro tunc order was void, his maximum sentence was for ten years and that the trial court's sentence of sixteen years was outside the range of punishment.

## Applicable Law

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). A void judgment is an exception to the general rule that an original plea cannot be attacked on an appeal of the revocation proceedings. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001), *abrogation on other grounds recognized by Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016).

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980); *see* TEX. R. APP. P. 23.1. The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990). Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

## Analysis

In this case, Appellant was placed on deferred adjudication community supervision for ten years and cannot raise issues related to the original plea proceeding unless he did so when the deferred adjudication community supervision was first imposed. *See Manuel*, 994. S.W. 2d at 661-662. He did not do so. Nor did he object to the trial court's placing him on deferred adjudication community supervision during the plea hearing after the trial court corrected its original finding of "guilty," assessment of a prison sentence, and community supervision for ten years. *See id.* But even if Appellant had properly raised his issues regarding the order granting nunc pro tunc and his sixteen year sentence, he still would not prevail.

The plea bargain agreement was for deferred adjudication community supervision for ten years. As noted above, the trial court initially found Appellant "guilty" of the offense of burglary of a habitation, assessed his punishment at ten years of imprisonment, suspended his sentence, and placed him on community supervision for ten years. However, after the State pointed out that the agreement was for deferred adjudication community supervision, the trial court accepted Appellant's "guilty" plea and assessed his punishment at deferred adjudication community supervision for ten years. We note that the order of deferred adjudication repeated the trial court's first, incorrect, terms of the plea bargain. The order also stated that the adjudication of guilt was deferred and placed Appellant on community supervision for ten years.

Well-settled law recognizes that a trial court's judgment serves only as the "written declaration and embodiment" of the trial court's oral pronouncements. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Thus, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d at 135. Here, the oral pronouncement of the sentence placing Appellant on deferred adjudication community supervision controls the incorrect written judgment of the terms of the plea bargain. *Id.* As such, the order granting nunc pro tunc reflects the judgment that was actually rendered, correctly stating that the terms of the plea bargain was for ten years deferred adjudication and correctly stating that the period of community supervision was for ten years. *See Jones*, 795 S.W.2d at 202. Thus, the order granting nunc pro tunc was not improper or void because it corrected a clerical error. *See Ex parte Poe*, 751 S.W.2d at 876.

However, Appellant contends that because the order granting nunc pro tunc was void, his punishment should have relied on the original judgment that rendered a maximum sentence of ten years. He argues that the trial court's sentence of sixteen years was beyond the range of punishment allowed. We have already determined that the order granting nunc pro tunc was not improper or void because it corrected a clerical error. At the plea hearing, the trial court properly admonished Appellant that his range of punishment for a second degree felony offense was for not less than two years and "no more than [twenty] years" in prison. Appellant stated that he understood. Further, at the revocation hearing, Appellant did not object to the sixteen year sentence imposed by the trial court.

An objection to a sentence is waived if it is not presented to the trial court. *See **Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). By failing to object to a sentence upon the adjudication of guilt following deferred adjudication community supervision, a defendant waives any error associated with the sentence. ***Wright v. State***, 249 S.W.3d 581, 584 (Tex. App.—Fort Worth 2008, no pet.); TEX. R. APP. P. 33.1(a)(1), (2). Here, Appellant did not object to the sentence upon adjudication of guilt following the revocation of his deferred adjudication community supervision. Therefore, he has waived any error associated with his sentence. *See **Wright***, 249 S.W.3d at 584. Moreover, Appellant does not challenge the trial court's admonishments regarding the range of punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)-(5) (West Supp. 2021). The requisite Article 26.13 admonishments include admonishment on the applicable range of punishment for the offense. *See **id.*** art. 26.13(a)(1); ***Bessey v. State***, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). In this case, the trial court properly admonished Appellant regarding the range of punishment for a second degree felony offense, imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 12.33 (West 2019).

Accordingly, we overrule Appellant's sole issue on appeal.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-21-00098-CR**

**JOSE JOHNATHAN HERNANDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 18296)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*