

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00631-CR

DERRICK CHARLES BROWN                                                  APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Derrick Charles Brown pleaded guilty to engaging in organized criminal activity through the underlying offense of aggravated assault with a deadly weapon, namely his hands and feet, for which the trial court sentenced him to confinement for life. In his sole point, Appellant argues that the trial court's sentence was grossly disproportionate to his offense, thus contravening

----

[1]*See* Tex. R. App. P. 47.4.

the constitutional prohibition against cruel and unusual punishment in both the Texas constitution and the United States Constitution. We affirm.

**Background Facts**

On January 1, 2012, Appellant and Terry Dunlap stopped at a gas station to purchase cigarettes. Appellant had been drinking heavily at a nightclub that evening. Dunlap and Wayman Henderson began arguing over whether Dunlap had scuffed Henderson's shoe. The argument escalated, and Appellant, Dunlap, and Henderson began exchanging blows. An unidentified man entered the fray and knocked Henderson unconscious with a strike to the head. Henderson fell to the ground.

The three men repeatedly punched and kicked Henderson while he was unconscious. Appellant continued to strike Henderson, even after Dunlap and the third assailant had stopped. Bystanders were able to pull Appellant from Henderson several times, but Appellant repeatedly returned to punch Henderson and "stomp on his head." At one point, Appellant was pulled off the victim but returned over a minute later to assault Henderson again. A surveillance camera captured Appellant's attack on Henderson, which lasted about five minutes, and the video was played for the trial court.

Henderson suffered severe injuries and was in a coma for some time. At the time of sentencing, about eleven months after the incident, he was receiving physical, occupational, and speech therapies. Henderson still displayed signs of impaired ability to speak and reason.

2

Appellant pleaded guilty to engaging in organized criminal activity through the underlying offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.02(a)(2) (West 2011), 71.02(a)(1) (West Supp. 2013). Appellant also entered a plea of "true" to the enhancement paragraph alleging a prior felony conviction,[2] thereby raising his punishment range to confinement for not less than fifteen years or more than ninety-nine years. *See id.* § 12.42(c)(1) (West Supp. 2013). Further, Appellant pleaded "true" to the allegation that he used a "deadly weapon" in the course of the offense. *See id.* § 22.02(a)(2).

Appellant had prior convictions including robbery causing bodily injury, unlawful possession of a firearm by a convicted felon, possession of marihuana and possession of cocaine. At sentencing, Appellant also admitted to being a gang member and having sold drugs. The trial court found Appellant guilty, the enhancement allegation true, the deadly weapon allegation true, and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for life. Appellant then filed this appeal.

**Discussion**

A disproportionate sentence claim must be preserved for appellate review. Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *Thompson v. State*, 243 S.W.3d 774, 777 (Tex. App.—Fort Worth 2007, pet. ref'd). To preserve a complaint for our review, a party must

---

[2]The State waived a second enhancement paragraph alleging that Appellant was a habitual offender.

have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

At the sentencing hearing, the trial court orally announced its assessment of a life sentence and asked, "Any legal reason why I shouldn't sentence him?" Appellant's attorney responded, "No, your Honor." Appellant made no motion for new trial or otherwise presented his objection to his life sentence to the trial court. Appellant has therefore forfeited this point. *See* Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Even if Appellant had preserved his point, it lacks merit. Appellant's sentence falls within the statutory range for his offense. *See* Tex. Penal Code Ann. §§ 12.42(c)(1) (West Supp. 2013), 22.02(a)(2), (b) (West 2011), 71.02(a)(1), (b) (West Supp. 2013). The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte*

4

*Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Further, nothing in the record shows that Appellant's punishment, in light of his criminal history[3] and the horrific and protracted violence of the assault, was grossly disproportionate to the crime so as to violate the Eighth Amendment of the United States Constitution. *See* U.S. Const. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983); *McGruder*, 954 F.2d at 315–17 (setting forth the analysis for proportionality of punishment); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) (adopting the *McGruder* analysis for claims of violations of the Eighth Amendment). We overrule Appellant's sole point.

---

[3]Appellant was a gang member and a repeat offender. His past offenses included robbery causing bodily injury, unlawful possession of a firearm by a convicted felon, and possession of crack cocaine. *See McGruder v. Puckett*, 954 F.2d 313, 316–17 (5th Cir. 1992) (gauging the proportionality of a sentence in light of previous convictions for crimes of violence).

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  GABRIEL, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 20, 2014